IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR INC., KOMATSU AMERICA CORP., VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC and ASSOCIATED AUCTION SERVICES, LLC, doing business as Cat Auction Services,<br><br>Defendants. | C.A. No. 1:15-cv-00108-RGA<br><br>**JURY TRIAL DEMANDED** |

**ASSOCIATED AUCTION SERVICES' SEPARATE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Quentin R. Wittrock (*pro hac vice*)
Kelly W. Hoversten (*pro hac vice*)
GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
quentin.wittrock@gpmlaw.com
kelly.hoversten@gpmlaw.com

Edward F. Eaton (Del. Bar No. 639)
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7299
meaton@connollygallagher.com

*Attorneys for Defendant Associated Auction Services, LLC*

## TABLE OF CONTENTS

Page

SUMMARY OF ARGUMENT ............................................................................................1

ARGUMENT ......................................................................................................................2

    A. ICP Has Not Plausibly Pleaded that Associated Auction Services is Part of Any Conspiracy. ............................................................................................................2

    B. ICP Has Not Plausibly Pleaded that Associated Auction Services Aided or Abetted Any Unlawful Conduct. .........................................................................................3

    C. Divestiture is Not an Appropriate Remedy on the Merger Claim .......................4

CONCLUSION ...................................................................................................................5

## TABLE OF AUTHORITIES

Page

**Cases**

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................... 5

*Broadcom Corp. v. Qualcomm Inc.,*
  501 F. 3d 297 (3d Cir. 2007) ...................................................................................... 4

*Burtch v. Milberg Factors, Inc., et al.,*
  2009 U.S. Dist. LEXIS 26872 (D. Del. March 30, 2009) *adopted by*
  2009 U.S. Dist. LEXIS 48431 (D. Del. May 31, 2009) ............................................... 3

*Ginsburg v. InBev NV/SA,*
  623 F.3d 1229 (8th Cir. 2010) .................................................................................... 5

*Taleff v. Southwest Airlines Co.,*
  828 F. Supp. 2d 1118 (N.D. Cal. 2011) ...................................................................... 5

**Statutes**

15 U.S.C. § 26 .................................................................................................................. 4

## SUMMARY OF ARGUMENT

Plaintiff International Construction Products, LLC ("ICP") asserts various general theories for its alleged problems in distributing new heavy construction equipment to end users in the United States, but the only counts in the Complaint that appear directed exclusively at Associated Auction Services (sometimes referenced herein as "AAS") are Counts Nine and Ten, which attempt to allege that its merger with IronPlanet violates antitrust law. (Compl. ¶¶ 133-36.) As discussed in Section IV of the Joint Brief, points will not be repeated here, there are many independent reasons why the counts attacking the merger must be dismissed for failure to state a viable cause of action, including: (1) Associated Auction Services does not participate in or control any relevant market from which ICP claims to be excluded, and any theory that the merger could create a monopoly in the only relevant market the plaintiff postulates remains as implausible as it is unsupported by pleaded facts; (2) ICP raises no realistic antitrust injury flowing from the merger; and (3) the requested divestiture is an inappropriate remedy in any event. In addition, as discussed in Part C, below, the only merger remedy ICP appears to seek—divestiture—is legally inappropriate, thus creating another recognized grounds for dismissal of the merger claims.

ICP also appears to assert that "all defendants" participated in a "civil conspiracy" (Compl. ¶¶ 145-48), and "aided and abetted" the alleged tortious and anticompetitive conduct of each other (*id.* ¶¶ 149-52). Associated Auction Services should be dismissed from the case completely because each of these allegations also is deficient, for the reasons explained below.

1

## ARGUMENT

**A. ICP Has Not Plausibly Pleaded that Associated Auction Services is Part of Any Conspiracy.**

The Complaint fails to identify any facts to support its conclusory allegation that AAS "joined the Manufacturer Defendants' ongoing conspiracy. . . by agreeing to merge with IronPlanet." (Compl. ¶ 5.) It is not enough to say that a defendant "had the motive" to conspire, as ICP boldly alleges in this case. (*Id.* ¶ 106.) In fact, the plaintiff's unsupported assertions about a "motive" to "join" a "conspiracy" are decidedly *im*plausible in that they fly in the face of other allegations made in the Complaint. For example, if IronPlanet already refused to deal with ICP eight months earlier, in April of 2014 (*see id.* ¶ 102), why would AAS need to merge with IronPlanet to keep IronPlanet from dealing with ICP?

It is exponentially more plausible that Associated Auction Services, which facilitated live, physical auctions of used equipment (*see id.* ¶ 11), merged with the much larger IronPlanet, which hosts online auctions with great success (*id.* ¶¶ 56-59), as a perfectly rational response to modern market demand for online auctions. ICP's own allegations make clear the independent, pro-competitive reasons AAS would desire to merge with IronPlanet. (*See id.* ¶ 62: "[P]hysical auctions [like Associated Auction Services had facilitated] or their online broadcasts are not a reasonable substitute for IronPlanet."; *see also* Compl. ¶ 64: "[P]hysical auctions are complements to, and not substitutes for, IronPlanet.") As shown by the plaintiff's own statements, the most

2

plausible explanation is that AAS merged in order to broaden the scope of the auction services it could provide.

Such a rational, lawful reason would on its own be enough to defeat a claim. *Burtch v. Milberg Factors, Inc., et al.*, 2009 U.S. Dist. LEXIS 26872 at \*\*25, 44 (D. Del. March 30, 2009), adopted by 2009 U.S. Dist. LEXIS 48431 (D. Del. May 31, 2009). When a party like AAS takes action that is just as likely "the result of wholly lawful independent reaction [ ] to economic stimuli," dismissal must follow. *Id.* at \*25.

  **B.** **ICP Has Not Plausibly Pleaded that Associated Auction Services Aided or Abetted Any Unlawful Conduct.**

Through its "alternative" assertion that AAS "knowingly offered substantial assistance to the Manufacturing Defendants' ongoing conspiratorial and anticompetitive campaign" (Compl. ¶ 105), ICP appears to be attempting to plead a factual basis to pin liability on AAS through Counts Seventeen and Eighteen, which are entitled "Aiding and Abetting." This thinly-veiled attempt must fail. Each of those two counts uses very broad language to reference liability for "conduct of the Defendants, including the merger of Cat Auction Services and IronPlanet." (*Id.* ¶¶ 149, 151.) To the extent paragraph 105 tries to implicate Associated Auction Services in the conduct of others, however, it fails to plead *any* evidentiary facts to support the sweeping allegations of what Associated Auction Services "knew" or "offered" to do to "assist" the other defendants. Thus, ICP's apparent efforts to spread liability are entirely unsuccessful.

Moreover, the viability of the aiding and abetting claims will rise and fall with the substantive counts. Paragraph 105's unsupported reference to a "conspiratorial and

3

anticompetitive campaign" is no stronger because AAS is alleged to be involved. And the sparse mention of "the merger" in paragraphs 149 and 151 does not create a cause of action for the aiding and abetting of alleged wrongdoing when the underlying claims are not in-and-of-themselves legally or factually sound. Plainly, ICP's efforts to spread liability through an aiding and abetting theory add nothing substantive to the Complaint. For all the reasons discussed elsewhere, ICP's claims of "tortious and anticompetitive conduct" do not rise to the level necessary under Rule 12(b)(6), and Counts Seventeen and Eighteen must fail for this reason as well.

### C. Divestiture is Not an Appropriate Remedy on the Merger Claim.

As a matter of law, the plaintiff cannot be awarded its requested relief of divesting the merger in any event. Although it is clear from the Complaint that ICP has been well aware of the planned merger between AAS and IronPlanet since their intention to merge was announced in December of 2014 (*see* Compl. ¶¶ 5, 11), and despite the Clayton Act's provisions allowing injunctions to stop anticompetitive mergers before they occur (*see* 15 U.S.C. § 26), ICP did not seek to enjoin the merger ahead of time. Instead, the Complaint asks the Court to "order the divestiture of IronPlanet by Cat Auction Services." (*Id.* ¶ 153.b.) For the reasons discussed below, divesture is not appropriate in this case.

The Third Circuit and other courts recognize that divesture is an "extreme remedy." *See., e.g., Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 322 (3d Cir. 2007). In the *Broadcom* case discussed in the merger section of the defendants' Joint Brief, the many inadequacies of the plaintiff's pleadings—like those of ICP—did not merit divestiture, thus both the merger challenge and divestiture remedy were dismissed. *Id.*

Another reason this Court should dismiss the merger challenge is that the extreme relief of divestiture would be necessitated only by the plaintiff's own decision to wait rather than timely asking the Court to stop the merger before the transaction was closed. When "Plaintiffs delay[] in filing their suit until after Defendants' merger had already been consummated, the remedy of divestiture is . . . unavailable." *Taleff v. Southwest Airlines Co.*, 828 F. Supp. 2d 1118, 1124 (N.D. Cal. 2011); *see also Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1235 (8th Cir. 2010) (divestiture denied to plaintiffs who did not seek equitable relief until two months after agreement to merge was announced). One reason post-merger divesture is disfavored is the "'obvious hardship'" to the merged entities, "their employees, and their customers if the court were to order a 'forced divestiture,' whereas the benefit to competition of a divestiture could only be speculative.'" *Taleff*, 828 F. Supp. 2d at 1124 (quoting *Ginsburg*, 623 F.3d at 1235). After the merger has been consummated, "the 'remedial equities balance overwhelmingly in favor of denying' the remedy of divestiture." *Id.* (quoting *Ginsburg*, 623 F.3d at 1236). Even if Counts Nine and Ten were to survive the motion to dismiss, the Court should dismiss the request for divestiture because ICP cannot be awarded that remedy.

## CONCLUSION

This plaintiff has attempted to assert a "largely groundless claim" against Associated Auction Services, which the Supreme Court prohibits. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007). For the reasons set forth above and in the Joint Memorandum of Points and Authorities in Support Motion to Dismiss Complaint, Associated Auction Services respectfully requests that the Court dismiss all claims, theories, and remedies sought against this moving defendant.

5

Dated: April 20, 2015

Quentin R. Wittrock (*pro hac vice*)
Kelly W. Hoversten (*pro hac vice*)
GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 632-3000
Facsimile:    (612) 632-4444
quentin.wittrock@gpmlaw.com
kelly.hoversten@gpmlaw.com

Respectfully submitted,

CONNOLLY GALLAGHER LLP

By: */s/ Edward F. Eaton*
    Edward F. Eaton (Del. Bar No. 639)
    The Brandywine Building
    1000 West Street, Suite 1400
    Wilmington, DE  19801
    Telephone:  (302) 757-7300
    Facsimile:   (302) 757-7299
    meaton@connollygallagher.com

*Attorneys for Defendant Associated Auction Services, LLC*