**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>CATERPILLAR INC. INC., KOMATSU AMERICA CORP., VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA LLC, and ASSOCIATED AUCTION SERVICES LLC d/b/a CAT AUCTION SERVICES,<br><br>              Defendants. | C.A. No. 15-cv-00108-RGA |

**DEFENDANT KOMATSU'S SUPPLEMENTAL OPENING BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS**

**OF COUNSEL**:

David H. Bamberger
Katherine M. Ruffing
James F. Reardon
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
Telephone:  202.799.4500
Facsimile:  202.799.5500
david.bamberger@dlapiper.com
katie.ruffing@dlapiper.com
james.reardon@dlapiper.com

Dated:  April 20, 2015

Denise S. Kraft (DE No. 2778)
Brian A. Biggs (DE No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE  19801-1147
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendant
Komatsu America Corp.*

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ...............................................................................................1

ARGUMENT .........................................................................................................................1

I.  PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A
    CLAIM AGAINST KOMATSU FOR BOYCOTT. ...............................................1

II. PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO STATE A
    CLAIM FOR CONSPIRACY TO MONOPOLIZE, NOR WOULD SUCH
    A MONOPOLY CLAIM BE PLAUSIBLE. ..........................................................3

III. GIVEN KOMATSU'S ALLEGED MARKET SHARE, IT CANNOT
     FORECLOSE ANY COMPETITOR FROM THE ALLEGED
     RELEVANT MARKET, AS A MATTER OF LAW. .............................................4

CONCLUSION......................................................................................................................4

**TABLE OF AUTHORITIES**

Page

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................1, 2, 3

*Howard Hess Dental Labs. Inc. v. Dentsply, Int'l, Inc.*,
    602 F.3d 237 (3d Cir. 2010) ............................................................................................3

*ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
    249 F. Supp. 2d 622 (E.D. Pa. 2003) ...............................................................................3

*Jefferson Parish Hospital District No. 2 v. Hyde*,
    466 U.S. 2 (1984) .............................................................................................................4

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .........................................................................................................4

*McCullough v. Zimmer, Inc.*,
    382 Fed. Appx. 225 (3d Cir. 2010) ..................................................................................2

*Santana Prods., Inc. v. Bobrick Washroom Equipment, Inc.*,
    249 F. Supp. 2d 463 (M.D. Penn. 2003) ..........................................................................3

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010) ............................................................................................1

*U.S. v. Microsoft Corp.*,
    253 F.3d 34 (D.C. Cir. 2001) ...........................................................................................4

**SUMMARY OF ARGUMENT**

This Supplemental Opening Brief incorporates by reference all of the arguments set forth in the Joint Opening Brief filed by Komatsu America Corp. ("Komatsu") and the other Manufacturer Defendants (Caterpillar Inc. and Volvo Construction Equipment North American LLC ("Volvo")), but is intended to highlight briefly certain matters specific to Komatsu.

**ARGUMENT**

As discussed more fully in the Joint Opening Brief, to survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough factual "heft" to show the plaintiff "is entitled to relief." *Id*. Moreover, the plaintiff must offer factual allegations that "nudge" its claims "across the line from conceivable to plausible." *Id*. at 570; *see also Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675, 679 (2009)). Plaintiff's allegations against Komatsu fail to meet these requirements.

**I.   PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM AGAINST KOMATSU FOR BOYCOTT.**

Plaintiff alleges that Komatsu participated in a conspiracy to boycott Plaintiff from an alleged national market for the manufacture and sale of new heavy construction equipment in the United States. In conclusory fashion and "upon information and belief," Plaintiff alleges that some manufacturer threatened IronPlanet, in an effort to stop Plaintiff from using IronPlanet's website for the sale of new heavy construction equipment. Compl. ¶¶ 96-97. To the extent that Plaintiff insinuates that Komatsu may have been in touch with IronPlanet in that regard, Plaintiff has not pleaded any actual facts to support such a claim. *See generally* Compl. ¶¶ 96-102.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 545 (internal citations omitted).  If "the pleadings mentioned no specific time, place, or person involved in the alleged conspirac[y,] . . . a defendant seeking to respond to plaintiff['s] conclusory allegations in the § 1 context would have little idea where to begin." *Id.*, at 565, n. 10; *see also McCullough v. Zimmer, Inc.*, 382 Fed. Appx. 225, 230, n. 6 (3d Cir. 2010) (unpublished opinion).  Here, Komatsu has "little idea where to begin" as Plaintiff **does not even name Komatsu** in the factual allegations relating to the alleged boycott.  Compl. ¶ 96 ("Caterpillar, and at least one other manufacturer of heavy construction equipment, had threatened to stop doing business with IronPlanet . . ."); *id.* (IronPlanet's President allegedly responds to Plaintiff's entreaties as to the identity of the other manufacturer: "you know who our investors are.").  On this meager factual foundation, Plaintiff seeks to erect a tower of conclusory inferences.  Compl. ¶¶ 97-104.  No actual facts are alleged, however, to show who conspired with whom, when, where, etc.  Moreover, no facts are alleged to show that the "investor," whoever it supposedly was, actually colluded with anyone, as opposed to acting independently.  Indeed, Plaintiff actually offers an alternative conclusory explanation that "each of the Manufacturer Defendants acted unilaterally in threatening to refuse to deal with IronPlanet if IronPlanet continued dealing with [Plaintiff]."  Compl. ¶ 110.  But such unilateral conduct would not offend the antitrust laws.  *See Twombly*, 550 U.S. at 556-57 ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

This type of "sketchy complaint" is exactly what *Twombly* found insufficient to warrant subjecting a defendant to the onerous and expensive discovery associated with antitrust cases.

2

*See* 550 U.S. at 559, 560, n.6.  This Court should dismiss the claims against Komatsu for boycott, as alleged in Counts I and II.

## II. PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO STATE A CLAIM FOR CONSPIRACY TO MONOPOLIZE, NOR WOULD SUCH A MONOPOLY CLAIM BE PLAUSIBLE.

To the extent that Plaintiff is alleging in Counts VII and VIII that the Manufacturer Defendants conspired to achieve some sort of shared monopoly, any such claim must be dismissed, as there is no cause of action for shared monopoly.  *See Santana Prods., Inc. v. Bobrick Washroom Equipment, Inc.*, 249 F. Supp. 2d 463, 519-20 (M.D. Penn. 2003) (dismissing conspiracy to monopolize when plaintiff failed to allege conspirators agreed to create a single dominant firm); *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 249 F. Supp. 2d 622, 660 (E.D. Pa. 2003) (explaining conspiracy to monopolize requires conspirators agreeing to "endow[] one conspirator with monopoly power").  It is assumed, therefore, that Plaintiff's vague and conclusory allegations (Compl. ¶¶ 129-132) are attempting to allege that Komatsu (and Volvo) conspired with Caterpillar to enable Caterpillar – a direct competitor – to monopolize the new heavy construction equipment market in the United States.  The allegations to this effect not only lack any well-pleaded facts, but the claim is also absurd on its face.  Nowhere in the Complaint does Plaintiff even allege that Komatsu discussed or communicated anything with anyone, let alone specific facts to support the elements of this bizarre claim.[2]  Furthermore, it is utterly implausible that Komatsu would conspire to assist Caterpillar, a direct worldwide competitor, to

---

[2] A § 2 conspiracy claim requires proof of "(1) an agreement to monopolize; (2) an overt act in furtherance of the conspiracy; (3) a specific intent to monopolize; and (4) a causal connection between the conspiracy and the injury alleged." *Howard Hess Dental Labs. Inc. v. Dentsply, Int'l, Inc.*, 602 F.3d 237, 253 (3d Cir. 2010).

3

become a monopoly. *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (no inference of conspiracy if the allegations make no economic sense).

Thus, this Court should dismiss Counts VII and VIII against Komatsu.

**III. GIVEN KOMATSU'S ALLEGED MARKET SHARE, IT CANNOT FORECLOSE ANY COMPETITOR FROM THE ALLEGED RELEVANT MARKET, AS A MATTER OF LAW.**

As explained more fully in the Joint Opening Brief, the factual allegations are woefully insufficient to state a claim for unlawful exclusive dealing against Komatsu. Among other things, Plaintiff alleges that Komatsu possesses a fifteen percent market share in the new construction equipment market. Compl. ¶ 21. A fifteen percent share is far smaller than what courts consider to be a possible source of antitrust concern. *U.S. v. Microsoft Corp.*, 253 F.3d 34, 69 (D.C. Cir. 2001) (at least 40 percent or 50 percent required); *Jefferson Parish Hospital District No. 2 v. Hyde*, 466 U.S. 2, 45-46 (1984) (O'Connor J., concurring) (30 percent foreclosure was not an unreasonable restraint on trade). Thus, without even considering the qualitative factors discussed in the Joint Opening Brief (which also support dismissal), the allegations of exclusive dealing against Komatsu in Counts I through IV fall well within the recognized safe harbor and fail to state a claim.[3]

## **CONCLUSION**

Komatsu respectfully requests that this Court dismiss Counts I, II, III, IV, VII, VIII and the pendent state law claims (Counts XI-XVIII) against Komatsu for the reasons set forth above and in the Manufacturer Defendants' Joint Opening Brief.

---

[3] As explained in the Joint Opening Brief, Plaintiff cannot fudge this market share criterion by aggregating the market shares of the Manufacturer Defendants.

| | |
|---|---|
| Dated:  April 20, 2015 | **DLA PIPER LLP (US)** |
| **OF COUNSEL**: | _/s/ Denise S. Kraft_ |
| | Denise S. Kraft (DE No. 2778) |
| David H. Bamberger | Brian A. Biggs (DE No. 5591) |
| Katherine M. Ruffing | 1201 North Market Street, Suite 2100 |
| James F. Reardon | Wilmington, DE  19801-1147 |
| **DLA PIPER LLP (US)** | Telephone:  (302) 468-5700 |
| 500 Eighth Street, NW | Facsimile:   (302) 394-2341 |
| Washington, DC 20004 | denise.kraft@dlapiper.com |
| Telephone:  202.799.4500 | brian.biggs@dlapiper.com |
| Facsimile:   202.799.5500 | |
| david.bamberger@dlapiper.com | *Attorneys for Defendant* |
| katie.ruffing@dlapiper.com | *Komatsu America Corp.* |
| james.reardon@dlapiper.com | |