**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>CATERPILLAR INC., KOMATSU AMERICA CORP., VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC and ASSOCIATED AUCTION SERVICES, LLC, doing business as Cat Auction Services,<br><br>                    Defendants. | C.A. No. 1:15-cv-00108-RGA |

**OPENING BRIEF IN SUPPORT OF DEFENDANT VOLVO**
**CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC'S MOTION**
**TO DISMISS INTERNATIONAL CONSTRUCTION PRODUCTS LLC'S**
<u>**COMPLAINT**</u>

Dated: April 20, 2015

OF COUNSEL:

Jeremy Heep
Robin P. Sumner
Melissa Hatch O'Donnell
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile:  215.981.4750
*heepj@pepperlaw.com*
*sumnerr@pepperlaw.com*
*odonnelm@pepperlaw.com*

M. Duncan Grant (Del. Bar No. 2994)
James H. S. Levine (Del. Bar No. 5355)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile:  302.421.8390
*grantm@pepperlaw.com*
*levinejh@pepperlaw.com*

*Attorneys for Defendant Volvo Construction*
*Equipment North America, LLC*

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff International Construction Products LLC ("ICP") filed a Complaint against Defendant Volvo Construction Equipment North America, LLC ("Volvo") and three other defendants on January 29, 2015.  Each Defendant has moved to dismiss ICP's Complaint in its entirety.  In accord with this Court's April 16, 2015 order, the Defendants have submitted a Joint Opening Brief in Support of Defendants' Motions to Dismiss ICP's Complaint, which addresses issues common among Defendants.  This is Volvo's individual Opening Brief in Support of Its Motion to Dismiss ICP's Complaint, which addresses issues unique to Volvo.

## SUMMARY OF ARGUMENT

Even under the most liberal construction of ICP's Complaint, Defendant Volvo does not belong in this case.  While Volvo joins fully in Defendants' Joint Opening Brief and believes that the Complaint should be dismissed with prejudice for all of the reasons outlined therein, Volvo submits this short individual Opening Brief to highlight the complete absence of any specific factual allegation against Volvo that could lead to a plausible inference that Volvo did anything unlawful at all.

## STATEMENT OF FACTS

In its opening paragraph, the Complaint purports to expose a conspiracy among Defendants to eliminate competition in the alleged market for new heavy construction equipment.  *See* Compl. ¶ 1.  Volvo is mentioned only 7 additional times in the 41-page, 153-paragraph Complaint.  With respect to Volvo, ICP pleads only that:

- Volvo is a Delaware corporation with its principal place of business in Shippensburg, Pennsylvania, and it manufactures and sells heavy construction equipment in the United States.  *Id*. ¶ 10.

- Volvo has equipment dealers in Delaware.  *Id*. ¶ 16.

- Volvo's share of new wheel loader sales between 2012 and 2014 was 30 percent or higher in South Carolina, 25 percent or higher in Georgia, and 20 percent or higher in at least three states, including Connecticut, Idaho and Indiana. *Id.* ¶ 29.

- Volvo has "a durably high market share" of other unspecified types of new heavy construction equipment sold in other unspecified local markets "as will be proven at trial." *Id.* ¶ 30.

- Volvo entered the alleged new heavy construction equipment market in the United States 25 years ago and "has achieved more than 5 percent market share nationwide." *Id.* ¶ 44.

- Volvo has about 300 equipment dealer branches. *Id.* ¶ 45.

- Volvo has market power in unspecified putative product and geographic markets, including at least the alleged markets for new wheel loaders in Connecticut, Delaware, Georgia, Indiana, Idaho and South Carolina. *Id.* ¶ 53.

## ARGUMENT

ICP pleads only that Volvo manufactures heavy construction equipment, and that Volvo sells certain, but mostly unspecified, products, in certain, but mostly unspecified, locations in the United States, which ICP concludes evidence market power. Putting aside that ICP's conclusions about unspecified markets and market power fall far short of well-pled factual allegations that require consideration in determining whether a plaintiff has pled plausible claims, even if these allegations were deemed well-pled, they do not come close to pleading a claim against Volvo. All they plausibly suggest, given every possible benefit, is that Volvo manufactures heavy construction equipment and sells it in the United States. This Court need look no further to dismiss ICP's claims against Volvo.

As explained more fully in Defendants' Joint Opening Brief, ICP purports to bring claims against Volvo alleging (1) that Volvo agreed to boycott IronPlanet to stop it from dealing with ICP and conspired to assist Caterpillar in monopolizing the alleged new heavy construction equipment market, and (2) that Volvo entered into unlawful exclusive arrangements

with its dealers that substantially foreclose distribution for new heavy construction equipment in the United States.[1]  An agreement among Defendants is an essential element of ICP's claim that Defendants conspired to threaten to boycott IronPlanet, and the Complaint lacks any allegation that Volvo agreed with anyone to do anything at all.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007) (explaining that the "crucial question" under Section 1 of the Sherman Act "is whether the challenged anticompetitive conduct 'stem[s] from independent decision or from an agreement'"); *Verizon Communs., Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398, 408 (2004) (holding that manufacturers are generally free to exercise independent discretion as to parties with whom they will deal); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 254 (3d Cir. 2010) (holding that agreement is an element of a conspiracy to monopolize claim).  There is not one specific allegation in the Complaint that Volvo had any contact at all with any other Defendant.[2]  And even though contact with IronPlanet would not be sufficient to state a boycott claim because it fails to show the necessary agreement among Defendants, ICP fails even to allege that Volvo threatened to boycott IronPlanet.  ICP alleges only that Caterpillar and "at least one other manufacturer of heavy construction equipment" threatened to stop doing business with IronPlanet.  Compl. ¶ 96.

As for ICP's claim that Volvo enters into unlawful exclusive arrangements with its dealers, ICP must allege that Volvo has market power and that its alleged exclusive

---

[1] ICP also purports to bring various pendent state law claims against Volvo.  As explained in Defendants' Joint Opening Brief, because ICP fails to state any federal claim, its state law claims should be dismissed for lack of subject matter jurisdiction.

[2] The closest ICP comes to pleading an agreement among defendants is its wholly unspecific allegation "[u]pon information and belief" that the equipment manufacturers "met and conferred with one another."  Compl. ¶ 99.  That is insufficient to plead a plausible agreement. *Twombly*, 550 U.S. at 557 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

arrangements substantially foreclosed the relevant market.  *See Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961) (holding that exclusive arrangements may run afoul of the antitrust laws only if a court "believes it probable that performance of the contract will foreclose competition in a substantial share of the line of commerce affected"); *ZF Meritor, LLC v. Eaton Corp.¸* 696 F.3d 254, 284 (3d Cir. 2012) ("Exclusive dealing will generally only be unlawful where the market is highly concentrated, the defendant possesses significant market power, and there is some element of coercion present.").  The five percent market share ICP attributes to Volvo is not sufficient to plead substantial foreclosure as a matter of law.  *See, e.g.*, *U.S. v. Microsoft Corp.*, 253 F.3d 34, 69-70 (D.C. Cir. 2001) (at least 40 percent or 50 percent share is the minimum usually required to establish a § 1 violation).  Moreover, ICP's Complaint itself contradicts its conclusory allegation that Volvo has market power.  The Complaint alleges that Volvo's nationwide market share is equivalent to that it alleges has been achieved by Chinese manufacturer SANY, which ICP claims has "failed to gain [a] meaningful market share[]."  Compl. ¶ 45.  Indeed, ICP excludes Volvo from its list of successful market entrants, deeming Komatsu, who entered the market more than 20 years before Volvo, "[t]he last successful entrant into the relevant heavy construction equipment market as a whole."  Compl. ¶ 44.  As such, ICP fails to plead any facts supporting a plausible inference that Volvo's alleged single-line dealer policy could ever substantially foreclose competition in a relevant market.

        To state a claim against Volvo, ICP must allege specific facts supporting a plausible inference that Volvo violated the law.  It has not.  ICP cannot meet its burden by lumping Volvo together as one of the "Manufacturer Defendants" and pleading a series of non-specific, amorphous allegations on information and belief, and to be defined with more particularity at trial.  *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 719-20

(E.D. Pa. 2011) ("The Court properly looks for more than mere repetitive generic reference to 'Defendants' tacked on to a conclusory verb form to connect an individual defendant to an actual agreement in an antitrust conspiracy . . . . [C]onclusory, collective language is too convenient, too undisciplined, and too unfocused . . . ."); *Mich. Div. – Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual . . . defendant.").

## CONCLUSION

While Volvo firmly believes that each of ICP's claims is fatally deficient for the reasons explained in Defendants' Joint Opening Brief, the purported claims against Volvo fail simply because ICP fails to plead any specific allegations against Volvo that plausibly suggest unlawful activity. Accordingly, Volvo respectfully submits that the claims against it should be dismissed with prejudice for this threshold reason alone.

OF COUNSEL:

Jeremy Heep
Robin P. Sumner
Melissa Hatch O'Donnell
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile:  215.981.4750
*heepj@pepperlaw.com*
*sumnerr@pepperlaw.com*
*odonnelm@pepperlaw.com*

*/s/ M. Duncan Grant*
M. Duncan Grant (Del. Bar No. 2994)
James H. S. Levine (Del. Bar No. 5355)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile:  302.421.8390
*grantm@pepperlaw.com*
*levinejh@pepperlaw.com*

*Attorneys for Defendant Volvo Construction Equipment North America, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2015, I filed Defendant Volvo Construction Equipment North America, LLC's Motion to Dismiss International Construction Products LLC's Complaint, and Volvo Construction Equipment North America, LLC's Opening Brief in support thereof, using CM/ECF, which will send notification of such filing to all counsel of record.

*/s/ James H. S. Levine*
James H. S. Levine (Del. Bar No. 5355)