IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CATERPILLAR INC., KOMATSU AMERICA CORP., VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC and ASSOCIATED AUCTION SERVICES, LLC, doing business as Cat Auction Services,<br><br>        Defendants. | C.A. No. 1:15-cv-00108-RGA<br><br>**JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF ASSOCIATED AUCTION SERVICES'
MOTION TO CLARIFY OR RENEW**

Quentin R. Wittrock (*pro hac vice*)
GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
quentin.wittrock@gpmlaw.com

Henry E. Gallagher, Jr. (Del. Bar No. 495)
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7287
hgallagher@connollygallagher.com

*Attorneys for Defendant Associated Auction Services, LLC*

Dated: September 21, 2016

**INTRODUCTION**

In Plaintiff International Construction Products LLC's Opposition to Defendant Associated Auction Services, LLC's Motion to Clarify or Renew (D.I. 69), the plaintiff points only to unsuccessful allegations and arguments that pertained to its failed merger claim against Associated Auction Services. (*Id*. at 4-5.) As has been the case all along, ICP has utterly failed to plead any plausible allegation that Associated Auction Services acted in furtherance of a "civil conspiracy" under state law or that it was "aiding and abetting" other defendants' "tortious and anticompetitive conduct aimed at ICP." (Amended Complaint, D.I. 58, ¶¶ 140-147.) ICP still is unable to explain why the uniquely-positioned Associated Auction Services should remain in the case after the only federal claim against it has been dismissed.

**ARGUMENT**

Associated Auction Services, in its separate original motion and memorandum under Rule 12(b)(6) (which was granted on other grounds), explained why the state-law claims were subject to dismissal, at least as to Associate Auction Services. (D.I. 30, 31.) The reasons for dismissal of substantively identical state-law claims in the Amended Complaint remained the same and were just as strong after the amendment. That is why Associated Auction Services simply incorporated its prior merits arguments on the state-law claims into the joint memorandum filed on the second round of dismissal motions (*see* D.I. 55 at p. 2, n. 1) and likely why ICP did not point to factual pleadings to support its state-law claims against this defendant on the merits either in the 2015 or 2016 briefs or oral arguments. (*See* D.I. 36 at 54 n. 13 and D.I. 58 n. 2 (plaintiff similarly incorporating its prior briefs)).

The Court's August 22, 2016, ruling is not read by Associated Auction Services as expressly intending to keep Associated Auction Services in the case on the tenuous basis of the

state-law conspiracy and aiding-and-abetting claims.  As to the state-law claims, the recent Order did not mention Associated Auction Services or that its original arguments were incorporated by reference in the second round of briefing, and it appeared those arguments could have been overlooked by the Court when it stated that the "Defendants" had not opposed the state-law claims on the merits in their 2016 motions.  (D.I. 64 at 22.)  Therefore, as a first approach, this motion seeks clarification whether the Court has addressed the incorporated merits arguments already and determined whether Associated Auction Services should be in or out of this case.[1] Alternatively, if the Court had not revisited the unique "merits" of the state-law claims as to Associated Auction Services, which had consistently opposed those claims, Associated Auction Services has renewed its Rule 12(b)(6) motion, which is discussed further below.

### A. Plaintiff Fails to State a Claim Against Associated Auction Services.

Contrary to the current argument of ICP in opposition to this motion, the Amended Complaint still fails to state plausibly that Associated Auction Services *did anything* as part of any conspiracy, aiding, or abetting.  It is quickly revealed by looking at the few portions of the Amended Complaint that relate to Associated Auction Services at all, as cited in ICP's opposition brief, that ICP still is asserting nothing more than that Associated Auction Services had a "motive to conspire" because its "incentives" were "aligned" with Caterpillar.  (D.I. 69 at 4-5, citing and quoting Amended Complaint, D.I. 58 ¶¶ 3, 11, 110-113.)  This failure of pleading remains exactly the same as when addressed by Associated Auction Services in its original separate merits brief under the headings "A.  ICP Has Not Plausibly Pleaded that Associated

---

[1] This Reply will not focus on the request for clarification, which was fully addressed by Associated Auction Services in its opening brief, because the Court knows best what it intended by the August 22, 2016, Order.  Suffice it to say Associated Auction Services does not believe the Court ruled on the merits of the state-law claims against it; thus this is not a motion for reconsideration of any such ruling.  Associated Auction Services disputes ICP's characterization of the past and present motions.

Auction Services is Part of Any Conspiracy" and "B. ICP Has Not Plausibly Pleaded that Associated Auction Services Aided or Abetted Any Unlawful Conduct." (D.I. 31 at 2-3; *see also* Joint Reply Brief, D.I. 38 at 23, 25-29.) As Associated Auction Services has explained since the beginning of the case, it simply is insufficient to lob out conclusions that a defendant "joined" a "conspiracy," or had the "motive" or "incentives" to conspire, or "knew" or "offered" to "assist" other defendants.

The only *act* the plaintiff says Associated Auction Services committed was that it merged with IronPlanet *a year after* the one and only alleged conspiracy the Court has found to be plausibly pleaded enough to withstand a Rule 12 motion. (D.I. 64 at 4-9.)[2] In truth, it was to support the merger challenge that ICP inserted into paragraphs 111-113 of the Amended Complaint the new wording it now cites, as ICP sought to and did argue that the "aligned incentives" of Associated Auction Services and Caterpillar somehow made the merger "vertical"—a theory that was twice rejected by the Court. (D.I. 45 at 24; D.I. 64 at 21-22.) On its face, the alleged agreement by the Manufacturing Defendants to threaten to boycott IronPlanet had nothing to do with Associated Auction Services, a unique, non-manufacturer defendant never mentioned in the pleaded "facts" regarding that supposed group boycott. The merger theory was separate and distinct. The Court already dismissed the merger challenge as nonsensical and reiterated that point a second time last month. (*See* D.I. 45 at 24 and D.I. 64 at

---

[2] The only other alleged conspiracy given attention by the plaintiff and the Court was the Manufacturing Defendants' supposed "conspiracy to monopolize," which the Court dismissed in its January 2016 decision. (*See* D.I. 36 at 6, 53-54 (plaintiff stressing Associated Auction Services' merger role in conspiracy) and D.I. 45 at 23 (court's dismissal of the conspiracy-to-monopolize claim).) In its analysis of the conspiracy-to-monopolize allegations in the original Counts Seven and Eight of the Complaint, the Court referenced the allegations involving the role of Associated Auction Services. (*Id*. at 19.) After considering the acts of Associated Auction Services and the other defendants, those conspiracy allegations were dismissed with prejudice (*id*. at 27), and the plaintiff did not even seek to reassert them in the Amended Complaint.

21.) That decision to merge cannot now provide a basis for keeping Associated Auction Services in the case on the factually unfounded state-law claims of conspiracy or aiding and abetting.

**B.     The Group Boycott Ruling Does Not Implicate Associated Auction Services.**

There has been no finding by the Court to support this bald conclusion in plaintiff's brief: "Thus, because ICP has plausibly alleged a conspiracy among Caterpillar and the Manufacturer Defendants to exclude ICP by foreclosing its access to IronPlanet, it has plausibly alleged that AAS had the motive to join the conspiracy and further its ends by merging with IronPlanet and thereby bring IronPlanet into the same 'extended Caterpillar network" of which AAS is a part." (D.I. 69 at 6.) In reality, when the Court in its January 21, 2016, dismissal Order addressed the role of Associated Auction Services' 2016 merger in the alleged April 2015 conspiracy and the "conspiracy to monopolize," the Court rejected any notion of illegal conduct by Associated Auction Services. (D.I. 45 at 22-27.)

Just as pointless on its face is the one and only argument upon which ICP now relies to support its aiding-and-abetting theory—that "it is reasonable to infer that Caterpillar's knowledge extends to AAS." (*See* D.I. 69 at 6.) Nothing has been pleaded to implicate Associated Auction Services in any state-law violations allegedly committed by anyone else.

The plaintiffs' un-advanced and fully refuted prior mentions of all liability theories somehow involving Associated Auction Services' merger with IronPlanet have failed. There is nothing pleaded to support any other claim against Associated Auction Services.

## **CONCLUSION**

Associated Auction Services respectfully submits that, unless the state-law claims alleged against it were intended to be dismissed again by the Court last month, those claims should be dismissed now on the merits and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

| | |
|---|---|
| Dated: September 21, 2016 | Respectfully submitted, |
| OF COUNSEL: | CONNOLLY GALLAGHER LLP |
| Quentin R. Wittrock (*pro hac vice*)<br>GRAY, PLANT, MOOTY,<br>  MOOTY & BENNETT, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 632-3000<br>Facsimile: (612) 632-4444<br>quentin.wittrock@gpmlaw.com | */s/ Henry E. Gallagher, Jr.*<br>Henry E. Gallagher, Jr. (No. 495)<br>The Brandywine Building<br>1000 West Street, Suite 1400<br>Wilmington, DE 19801<br>Telephone: (302) 757-7300<br>Facsimile: (302) 757-7287<br>hgallagher@connollygallagher.com |

*Attorneys for Defendant Associated Auction Services, LLC*