## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION
PRODUCTS LLC,

        Plaintiff,

v.

CATERPILLAR INC., KOMATSU
AMERICA CORP., VOLVO
CONSTRUCTION EQUIPMENT NORTH
AMERICA LLC and ASSOCIATED
AUCTION SERVICES, LLC, doing business
as Cat Auction Services,

        Defendants.

C.A. No. 15-108-RGA

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

THIS MATTER came before the Court on the parties' stipulation and joint request

for entry of this Stipulated Confidentiality and Protective Order (this "Order"); accordingly,

it is ORDERED:

## DEFINITIONS

1.      "Discovery Material" means all items or information, or any part thereof,

regardless of the medium or manner generated, stored, or maintained (including, among other

things, initial disclosures, responses to discovery requests, documents, testimony, transcripts,

exhibits, or tangible things) that are produced, adduced, disclosed, or generated in the course of

discovery in this litigation.

2.      "Party" or "Parties" means the named parties in this litigation.

3.      "Producing Party" means any legal or natural person, whether a Party or non-

party, who produces Discovery Material in this litigation.

4.      "Receiving Party" means any legal or natural person, whether a Party or non-party, who receives Discovery Material in this litigation.

5.      "Designating Party" means any legal or natural person, whether a Party or non-party, who designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order.

6.      "Outside Counsel" means a firm of attorneys who are counsel of record in this litigation and are not In-House Counsel.

7.      "In-House Counsel" means an attorney employed by a Party hereto or whose offices are located on the premises of a Party hereto.

8.      "Confidential Information" means any Discovery Material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Producing Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records of a person who is not a Party.

9.      "Highly Confidential - Attorney's Eyes Only Information" means any Discovery Material that is or contains confidential proprietary information of a competitively sensitive nature.

10.     "Protected Information" means both Confidential Information and Highly Confidential - Attorney's Eyes Only Information.

## DESIGNATION OF PROTECTED INFORMATION

11.    *Designation.* Discovery Material claimed to be or to contain Protected Information shall be designated by the Designating Party as Protected Information under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" on the document or tangible thing before the Discovery Material is produced or disclosed.

12.    *Designation of Electronic Data.* Any Discovery Material that is being produced in an electronic format, whether by CD-ROM, computer disk, magnetic tape, or otherwise, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by marking the CD or other media used in delivering the electronic data to the Party and marking each page of any Bates-numbered documents therein that contains Protected Information.

13.    *Designation of Depositions.* Unless otherwise agreed on the record at the time the deposition testimony is taken, all deposition testimony taken in this litigation shall be treated as Highly Confidential - Attorney's Eyes Only Information until the expiration of the following: No later than the 30th day after the transcript is delivered to any Party, and in no event later than 60 days after the testimony was given. Within this time period, deposition testimony or portions thereof may be designated as Protected Information by any Party's attorney or by any attorney defending or attending the deposition by serving a Notice of Designation to all Parties as to the specific portions of the testimony that are designated Protected Information. Thereafter, only those portions identified in a timely Notice of Designation shall be protected by the terms of this Order. If only a portion of a deposition is designated as Protected Information: (a) the Highly Confidential - Attorney's Eyes Only Information portion(s) shall be transcribed and bound

3

separately from a complete version of such deposition and shall be labeled "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" and treated as such pursuant to this Order, (b) the Confidential Information portion(s) shall be transcribed and bound separately from a complete version of the deposition and shall be labeled "CONFIDENTIAL" and treated as such pursuant to this Order, (c) the portions that do not contain Protected Information shall be transcribed and bound separately from a complete version of the transcript, and (d) the complete version shall be labeled "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" if it contains Highly Confidential - Attorney's Eyes Only Information, or labeled "CONFIDENTIAL" if it contains Confidential Information but no Highly Confidential – Attorney's Eyes Only Information.

14.     *Non-Party Materials.* Any non-party from whom Discovery Material is sought in connection with this litigation shall be provided with a copy of this Order and may elect to be covered by this Order and designate materials under it, but only after the non-party has completed the certification contained in Attached A, Acknowledgement of Understanding and Agreement to Be Bound.

        a.    Thereafter, Discovery Material produced or disclosed by the non-party will be treated as Highly Confidential - Attorney's Eyes Only Information for a period of 21 days from the receipt by all Parties of the production or disclosure.

        b.    At any time on or before the 21st day from receipt of the production, the Producing Party or any Party to this litigation may specifically designate materials produced or disclosed by the non-party as appropriate pursuant to this Order by serving a Notice of Designation to all Parties as to the specific portions of the material that are designated Protected Information

and must include a copy of the designated materials, properly marked as Protected Information. Thereafter, only those portions identified in a timely Notice of Designation shall be protected by the terms of this Order.

15.     *Modification of Designation.* The designation of Protected Information may be modified or eliminated at any time, as explained below, provided that the Parties or non-parties must negotiate in good faith regarding any disputes over designation of Protected Information before presenting the dispute to the Court.

16.     *Information That Is Not Protected.* Discovery Material shall not constitute Protected Information and shall not be designated as such if at the time of the production or disclosure, such information is in the public domain.

17.     *Failure to Designate.* Except as provided in this paragraph, following a Party's production or dissemination of Discovery Material, failure to designate particular Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as such, provided that, at the time of making the later designation, the designating Party provides to the Receiving Party a replacement copy of the Discovery Material which is properly marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." No Party shall be deemed to have violated this Stipulated Confidentiality and Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the relevant documents or materials shall be treated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with this Stipulated

Confidentiality and Protective Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with the court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an omitted "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

## CHALLENGES TO DESIGNATION OF PROTECTED INFORMATION

18. The designation of any Discovery Material as Protected Information is subject to challenge by any Party.

19. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, failure to challenge the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

20. The following procedure shall apply to challenges to the designation of any Discovery Material as Protected Information:

        a. *Meet and Confer.* A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with the Designating Party or, if represented, counsel for the Designating Party. In conferring, the challenging party must

explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five business days.

b.    *Judicial Intervention.* A Party that elects to challenge the designation of Protected Information may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Material as Protected Information under the terms of this Order.

## **ACCESS TO PROTECTED INFORMATION**

21.    *Access to Confidential Information.* Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any designated Confidential Information to any person, except the following:

a.    to the Court or any other court exercising jurisdiction with respect to this litigation, court personnel, jurors, alternate jurors, and to any special master, mediator, or arbitrator engaged by the parties or authorized by the Court;

7

b.  to In-House or Outside Counsel for a Party and to employees of the In-House or Outside Counsel who have responsibility for or are otherwise participating in this litigation;

c.  to court reporters and recorders retained by any Party to transcribe or record a deposition in this matter;

d.  to those persons specifically engaged for the limited purpose of making copies of documents, or organizing or processing documents, including outside vendors hired to process electronically stored documents or provide an electronic document management system;

e.  to consultants, investigators, or experts retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action, including any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation and any non-technical jury or trial consulting services, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

f.  to any Party, or director, officer, or employee of a Party, but only to the extent counsel determines in good faith that the director, officer, or employee's assistance is reasonably necessary to the conduct of the litigation in which the Confidential Information is disclosed;

g.  to any witness whose deposition testimony is taken in this litigation and who is a present employee of the Designating Party, or to whom counsel for the Designating Party has, either before or during the

8

deposition, approved the disclosure of such materials, provided that witnesses shall not retain a copy of the documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

h.   to any author or specified recipient of the designated material (not including a person who received the document in the course of the litigation); and

i.   to other persons only by written consent of the Designating Party or upon order of the Court, on such conditions as may be agreed or ordered.

22.   *Access to Highly Confidential - Attorney's Eyes Only Information.* Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not itself examine or review or, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any designated Highly Confidential - Attorney's Eyes Only Information to any person, except the following:

a.   to the Court or any other court exercising jurisdiction with respect to this litigation, court personnel, jurors, alternate jurors, and to any special master, mediator, or arbitrator engaged by the parties or authorized by the Court;

b.   to Outside Counsel for a Party and to employees of Outside Counsel for a Party who have responsibility for or are otherwise participating in this litigation;

9

c.      to In-House Counsel for a Party, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and provided that such counsel is not involved in (or likely to become involved in after the termination of this litigation) competitive decision making;

d.      to court reporters and recorders retained by any Party to transcribe or record a deposition in this matter;

e.      to those persons specifically engaged for the limited purpose of making copies of documents, or organizing or processing documents, including outside vendors hired to process electronically stored documents or provide an electronic document management system;

f.      to consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, including any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation and any non-technical jury or trial consulting services, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

g.      to any witness whose deposition testimony is taken in this litigation and who is a present employee of the Designating Party, or to whom counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials, provided that witnesses shall

> not retain a copy of the documents containing Highly Confidential - Attorney's Eyes Only Information;

    h.    to any author or specified recipient of the designated material (not including a person who received the document in the course of the litigation); and

    i.    to other persons only by written consent of the Designating Party or upon order of the Court, on such conditions as may be agreed or ordered.

No person entitled to receive Highly Confidential - Attorney's Eyes Only Information shall in fact receive such information unless the Receiving Party has reason to believe that he or she has an actual need to know that information, or use the Discovery Material, for purposes of the conduct of this litigation.

    23.    *Originals of Acknowledgements.* Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the litigation.

    24.    *Information Subject to this Order.* The protections conferred by this Order cover not only Discovery Material (regardless of how it is generated, stored, or maintained) that is designated as Protected Information, but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

    25.    *Certain Information Not Subject to this Order.* This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Protected Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a

11

Receiving Party of information contained in Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" that: (i) is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise or (ii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

26.     *No Copies or Notes.* Except for internal use by Outside Counsel for the Parties hereto, for internal use by consultants, investigators, and experts who have access pursuant to this Order, for Court and deposition copies and for court filings, and for such use as is expressly permitted under the terms hereof, no individual granted access to Protected Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof, or shall take notes or otherwise summarize the contents of any Protected Information designated by another party.

## USE OF PROTECTED INFORMATION

27.     *Use in this Litigation Only.* Protected Information shall be used only in connection with this litigation, and specifically shall not be used or referred to, directly or indirectly, (a) for any business or competitive purpose, (b) for publicity, (c) in any advertising, (d) in any material disseminated to any individual or entity not authorized to receive such material under the terms hereof, or (e) for any purpose whatsoever other than in this litigation, including any appeal thereof, except as expressly provided herein. Each individual to whom

12

the disclosure of any Protected Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

28.     *Use at Depositions.* If Protected Information is to be discussed or disclosed during a deposition, the Producing Party or other Designating Party shall have the right to exclude from attendance at the deposition, during the time the Protected Information is to be discussed, any individual not entitled under this Order to receive the Protected Information.

29.     *Filing of Protected Information.* This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Protected Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 5.1.3.

30.     *Action by the Court.* Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

31.     *Use of Protected Information at Trial.* Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pre-trial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

32.    *No Prior Judicial Determination.* This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

33.    *Not an Admission.* Nothing in this Order or done by the Parties or a non-party pursuant to this Order shall constitute an admission by the Party, or shall be used as evidence, that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" is actually Protected Information. Furthermore, nothing contained herein shall preclude the Producing Party or other Party from raising any available objection, or seeking any available protection with respect to any Protected Information, including, but not limited to, the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

34.    *Protected Information Subpoenaed or Ordered Produced in Other Litigation.*

    a.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Protected Information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14

b.     In particular, if a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this litigation as Protected Information, the Receiving Party must so notify the Producing Party and all other Designating Parties, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

c.     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

d.     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party or other Designating Party an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The Producing Party or other Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has

in its possession, custody, or control Protected Information by any other Party to this case.

## MAINTENANCE OF PROTECTED INFORMATION

35.     *Reasonable Precautions.* Counsel for each Party shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of any Protected Information.

36.     *Storage.* Protected Information shall, when not in use, be stored in such a manner that individuals not in the employment or service of those possessing Protected Information will be unlikely to obtain access to the Protected Information.

37.     *Order Continues in Force on Conclusion of Litigation.* Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Neither the termination of this litigation nor the termination of the employment, engagement, or agency of any person who had access to any Protected Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Protected Information disclosed pursuant to this Order.

38.     *Return or Destruction at Conclusion of Litigation.* Within 60 days following dismissal or entry of final judgment not subject to further appeal, or sooner if so ordered by the Court, a Party or non-party in possession of Protected Information other than its own shall return or destroy all tangible Protected Information in its possession, except pleadings filed with the Court, transcripts, exhibits marked in discovery or at trial, and materials which, in the judgment of the Attorney in possession of the materials, are work product materials. A Designating Party may request written certification of compliance with this paragraph. If such a request is made in writing, the recipient of such a request shall respond within 10 days, but in no event earlier than 70 days following dismissal or entry of final judgment not subject to further appeal. Any retained

16

Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information. Filings under seal shall be deleted from the ECF system only upon order of the Court.

## COMMUNICATIONS WITH EXPERTS

39.   For each expert designated by the parties, opposing counsel will receive:

a.   the expert's final report;

b.   a list of all materials relied on by the expert in generating the statements, analysis, opinions and assertions in the report;

c.   a list of all data used in forming any part of the analysis reflected in the report, or relied upon by the expert; and

d.   copies of all such materials (including electronic data sets and electronic data compilations in the same form or format in which it was used for the expert's calculations and any programs or intermediate analyses that were used as part of the experts' calculations or reported results), unless they are publicly available or were produced in discovery in this action.

40.   Unless the communications and/or materials in 34(a)-(e) were relied upon by the testifying expert in reaching his or her opinions, or in the case of data, were used in forming any part of the analysis reflected in the report, in which case such documents shall be produced and are subject to discovery, the parties will not seek to discover, and may not discover, the following documentary communications or materials:

a.   drafts of expert reports, affidavits, declarations or written testimony;

17

b.      all communications between experts, staff, counsel, and/or other experts, including written or oral communications relating to the drafts or final reports, affidavits, declarations, written testimony, or other written materials;

c.      notes of discussions regarding a draft or final expert report, affidavit, declaration or written testimony;

d.      work performed by non-testifying consultants;

e.      the bills and related billing records of the expert, the expert's assistants and clerical or support staff, and non-testifying expert consultants, except that reasonable questions at depositions going to the testifying expert's compensation in the matter, and matters for which the expert has been, or continues to be, retained by counsel for any party, and hours expended in preparing his or her report and testimony shall be permitted.

41.      Nothing in this Stipulation shall be construed to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including alternative theories, methodologies, variables, data, or assumptions that he expert may have considered in preparing his or her report.

## PRIVILEGED MATERIAL

42.      The parties have agreed to the entry of a Rule 502(d) Order by the Court. Accordingly, the production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

43. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

44. If, in connection with the pending litigation, information subject to a claim of attorney-client privilege or attorney work product protection is disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

45. A Party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within 5 business days of receipt of that writing, return, sequester, or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed.

## OTHER PROVISIONS

46. *Order Subject to Modification.* This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

47. *Scope.* This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

48. *Persons Bound.* This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

19

WE SO MOVE
And agree to abide by
the terms of this Order:

By: /s/ John W. Shaw

John W. Shaw (No. 3362)
SHAW KELLER LLP
300 Delaware Avenue – Suite 1120
Wilmington, DE 19801
Telephone: (302) 298-0701
jshaw@shawkeller.com

OF COUNSEL:
David Boies (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com

By: /s/ David J. Baldwin

David J. Baldwin (Del. Bar No. 2994)
Ryan C. Cicoski (Del. Bar No. 5466)
Hercules Plaza, 6th Floor
POTTER ANDERSON & CORROON,
LLP
1313 Market Street
Wilmington, DE 19807
Telephone: (302) 984-6000
Facsimile: (302) 685-1192
dbaldwin@potteranderson.com
rcicoski@potteranders.com

James P. Denvir (admitted pro hac vice)
Amy J. Mauser(admitted pro hac vice)
Christopher G. Renner (admitted pro hac
vice)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
jdenvir@bsfllp.com
amauser@bsfllp.com
crenner@bsfllp.com
Attorneys for Plaintiff
International Construction Products, LLC

OF COUNSEL:
Robert G. Abrams (admitted pro hac
vice)
Gregory J. Commins, Jr. (admitted pro hac
vice)
Danyll W. Foix (admitted pro hac vice)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.,
Suite 1100
Washington, DC 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
rabrams@bakerlaw.com
gcommins@bakerlaw.com
dfoix@bakerlaw.com
Attorneys for Defendant Caterpillar Inc.

20

By: */s/ M. Duncan Grant*
M. Duncan Grant (Del. Bar No. 2994)
James H.S. Levine (Del Bar. No. 5355)
Hercules Plaza, 6th Floor
313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:   (302) 777-6500
Facsimile:    (302) 421-8390
grantm@pepperlaw.com
kevejh@pepperlaw.com

OF COUNSEL:
Jeremy Heep (admitted *pro hac vice*)
Robin P. Sumner (*admitted pro hac vice*)
Melissa Hatch O'Donnell (*admitted pro hac vice*)
PEPPER HAMILTON LLP
300 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
*Attorneys for Defendant Volvo Construction Equipment North America, LLC*

By: */s/ Denise S. Kraft*
Denise S. Kraft (No. 2778)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5700
denise.kraft@dlapiper.com

OF COUNSEL:
David H. Bamberger (admitted *pro hac vice*)
Katherine M. Ruffing (admitted *pro hac vice*)
James F. Reardon (admitted *pro hac vice*)
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, DC 20004
Telephone: (202) 799-4500
Facsimile: (202) 700-5500
david.bamberger@dlapiper.com
katie.ruffing@dlapiper.com
james.reardon@dlapiper.com
*Attorneys for Defendant Komatsu America Corp.*

By: */s/ Henry E. Gallagher, Jr.*
Henry E. Gallagher, Jr. (Del Bar No. 495)
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 888-6288
Facsimile: (302) 757-7287
hgallagher@connollygallagher.com

OF COUNSEL:
Quentin R. Wittrock (admitted *pro hac vice*)
GRAY PLANT MOOTY
500 IDS Center
80 south 8th Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4444
Quentin.wittrock@gpmlaw.com
*Attorneys for Defendant Association Auction Services LLC d/b/a Cat Auction Services*

21

**SO ORDERED.**

Dated: January $\underline{5}$, 2017.

HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT JUDGE

22

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION
PRODUCTS LLC,

        Plaintiff,

v.

CATERPILLAR INC., KOMATSU
AMERICA CORP., VOLVO
CONSTRUCTION EQUIPMENT NORTH
AMERICA LLC and ASSOCIATED
AUCTION SERVICES, LLC, doing business
as Cat Auction Services,

        Defendants.

C.A. No. 15-108-RGA

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order dated_in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for District of Delaware in matters relating to the Stipulated Confidentiality and Protective Order and understands that the terms of the Stipulated Confidentiality and Protective Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm, or concern.

23

The undersigned acknowledges that violation of the Stipulated Confidentiality and

Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____
Signature