## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 15-108-RGA |
| CATERPILLAR INC., KOMATSU AMERICA CORP., VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC and ASSOCIATED AUCTION SERVICES, LLC, doing business as Cat Auction Services, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## JOINT REVISED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the parties conferred by teleconference on October 18, 2016, and by email thereafter. On January 4, 2017, the parties submitted for the Court's consideration a report containing competing proposed discovery plans. On February 5, 2017, counsel for the parties attended a Rule 16 conference in the Court's chambers. There, the Court instructed counsel to confer further and propose a scheduling order that sequences discovery, and for the parties to appear for another case management conference to discuss further proceedings in this matter after the first phase of such discovery. The parties now submit the following revised joint report and proposed scheduling order for the Court's consideration.

1. Rule 26(a)(1) Initial Disclosures. The parties agree to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) by March 6, 2017.

2. Joinder of Other Parties and Amendment of Pleadings. The parties agree that all motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 23, 2017.

3.      Sequenced Discovery Plan.

(a)      Phase I Fact Discovery

(i)      The scope of Phase I Fact Discovery on liability shall include, subject to any objections made in the ordinary course: (1) the Manufacturer Defendants' alleged agreement to boycott IronPlanet if it continued to do business with ICP, and the communication of that agreement to IronPlanet and/or ICP; (2) the following "plus factors" alleged by ICP in its Amended Complaint that the Court found to be adequately pled to support ICP's group boycott claim:  (a) that the threats alleged in paragraphs 100-101 of the Amended Complaint were against each Manufacturer Defendant's self-interest, absent a conspiracy, (b) that the Manufacturer Defendants had a motive to conspire to jointly make the threats alleged in those paragraphs, and (c) that the Manufacturer Defendants' alleged conduct was suggestive of a traditional conspiracy; and (3) Defendants' alleged liability for the claims alleged in Counts 5-12 of the Amended Complaint.  Issues of antitrust injury (except insofar as also relevant to a motive to conspire), market definition, and damages are excluded from the scope of Phase I fact discovery.  A party may seek Phase I Fact Discovery from any source, including any third party.

(ii)      Deadlines for Phase I Fact Discovery:

(a)      Phase I document production shall be made on a rolling basis and substantially completed by June 15, 2017.

(b)      All fact discovery in Phase I shall be initiated so that it will be completed by August 25, 2017.

(a)      Counsel for the parties shall submit a joint status report by September 5, 2017.

-2-

(b)    Counsel for the parties shall participate in a status conference in chambers on September 8, 2017, at 10 a.m.

(c)    Phase II Fact Discovery

(i)    All fact discovery not included in Phase I shall be conducted in Phase II. A party may seek Phase II Fact Discovery from any source, including any third party, after the commencement of Phase II Fact Discovery.

(ii)    At or following the status conference currently scheduled for September 8, 2017, the Court shall decide the schedule for Phase II discovery.

(iii)    Deadlines for Phase II Fact Discovery

(a)    Phase II document production shall be made on a rolling basis and substantially completed within 90 days of the commencement of Phase II Fact Discovery.

(b)    All fact discovery in Phase II shall be initiated so that it will be completed within 150 days of the commencement of Phase II Fact Discovery.

(d)    Limitations on Discovery:

(i)    30 requests for admission are permitted for each side.

(ii)    15 interrogatories, including contention interrogatories, are permitted for each side.

(iii)    Each side is limited to a total of 112 hours of taking testimony of fact witnesses by deposition upon oral examination. Depositions of expert witnesses shall not count toward the 112 hour limit.

4.    Disclosure of Expert Testimony.

(a)    Plaintiff's initial Federal Rule 26(a)(2) disclosure of expert testimony shall be served 30 days after completion of Phase II Fact Discovery. Defendants'

-3-

disclosures shall be served 75 days after the completion of Phase II Fact Discovery. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than 45 days after service of disclosures.

(b)    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth in Paragraph 11 herein, unless otherwise ordered by the Court.

5.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

6.    Deposition Time. No deposition of a witness may exceed one day of 7 hours, unless by order of the Court or by agreement of the parties. For purposes of this paragraph, all officers, directors, managing agents, or other designated persons testifying on behalf of any organization pursuant to Fed. R. Civ. P. 30(b)(6) shall collectively be considered a single person. Each party may be deposed pursuant to Fed. R. 30(b)(6) for up to 7 hours. To the extent a witness testifies as a 30(b)(6) witness, and the witness is also noticed for deposition in his or her individual capacity, the witness' testimony pursuant to Fed. R. Civ. P. 30(b)(6) shall

-4-

not count against the 7 hours for which the witness may be deposed in his or her individual capacity.

7.    Discovery Matters and Disputes Relating to Protective Order or Protocol for the Preservation and Production of Electronically Stored Information. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order or protocol for the preservation and production of electronically stored information, the parties involved in the dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than 48 hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than 24 hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within 1 hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

8.    Protocol for the Preservation and Production of Electronically Stored Information. Discovery in this matter will involve the production of computer-based and digital information. Counsel shall confer and attempt to reach an agreement on a stipulated protocol governing preservation and production of electronically stored information, and submit it to the Court within 30 days from the date of entry of an initial scheduling order. Should counsel be unable to reach an agreement on a protocol, counsel must follow the provisions of Paragraph 7 above.

9.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within 7 days of the filing of the sealed document.

10.     Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

11.     Case Dispositive Motions. At the conclusion of Phase I Fact Discovery, Defendants anticipate seeking leave to file summary judgement motions, and Plaintiff anticipates opposing such leave. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motions shall be served and filed on or before the date 45 days after the completion of expert discovery. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     Pretrial Conference. On ____TBA____, 2018, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at __.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.     Motions *in Limine*. Motions *in limine*, other than objections to expert testimony made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,*

-6-

509 U.S. 579 (1993), shall not be separately filed. All such *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three such *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 (a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

16.     Trial. This matter is scheduled for a _____ day _____ trial beginning at 9:30 a.m. on __TBA__, 2018, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

David H. Bamberger (*pro hac vice*)
Katherine M. Ruffing (*pro hac vice*)
James F. Reardon (*pro hac vice*)
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: 202.799.4500
Facsimile: 202.799.5500
david.bamberger@dlapiper.com
katie.ruffing@dlapiper.com
james.reardon@dlapiper.com

/s/ *Denise S. Kraft*
Denise S. Kraft (Del. Bar No. 2778)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: 302.468.5700
Facsimile: 302.394.2341
denise.kraft@dlapiper.com

*Attorneys for Defendant Komatsu America Corp.*

Robert G. Abrams (*pro hac vice*)
Gregory J. Commins, Jr. (*pro hac vice*)
Danyll W. Foix (*pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036-5304
Tel: 202.861.1500
rabrams@bakerlaw.com
gcommins@bakerlaw.com
dfoix@bakerlaw.com

/s/ *Ryan C. Cicoski*
David J. Baldwin (Del. Bar No. 1010)
Ryan C. Cicoski (Del. Bar. No. 5466)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: 302.984.6000
dbaldwin@potteranderson.com
rcicoski@potteranderson.com

*Attorneys for Defendant Caterpillar Inc.*

Jeremy Heep (*pro hac vice*)
Robin P. Sumner (*pro hac vice*)
Melissa Hatch O'Donnell (*pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215.981.4000
Facsimile: 215.981.4750
heepj@pepperlaw.com
sumnerr@pepperlaw.com
odonnelm@pepperlaw.com

/s/ *M. Duncan Grant*
M. Duncan Grant (Del. Bar No. 2994)
James H. S. Levine (Del. Bar No. 5355)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390
grantm@pepperlaw.com
levinejh@pepperlaw.com

*Attorneys for Defendant Volvo Construction Equipment North America, LLC*

-8-

Quentin R. Wittrock (*pro hac vice*)
GRAY PLANT MOOTY
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.632.3000
Facsimile: 612.632.4444
quentin.wittrock@gpmlaw.com
kelly.hoversten@gpmlaw.com

/s/Henry E. Gallagher
Henry E. Gallagher, Jr. (Del. Bar No. 495)
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street
Suite 1400
Wilmington, DE 19801
Telephone: 302.888.6204
Facsimile: 302.654.1005
hgallagher@connollygallagher.com

*Attorneys for Defendant Associated Auction
Services, LLC d/b/a Cat Auction Services*

David Boies (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 749-8200

James P. Denvir (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
Christopher G. Renner (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(202) 237-2727

/s/Nathan R. Hoeschen
John W. Shaw (Del. Bar No. 3362)
Nathan R. Hoeschen (Del Bar. No. 6232)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0701
jshaw@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiff International Construction
Products LLC*

Dated: February 23, 2017

SO ORDERED this ___23___ day of __February__, 2017

The Honorable Richard G. Andrews
United States District Judge