IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION
PRODUCTS LLC,

      Plaintiff,

      v.

CATERPILLAR INC., KOMATSU
AMERICA CORP., VOLVO
CONSTRUCTION EQUIPMENT NORTH
AMERICA, LLC, and ASSOCIATED
AUCTION SERVICES, LLC, doing business
as Cat Auction Services,

      Defendants.

Civil Action No. 15-108-RGA

MEMORANDUM OPINION

John W. Shaw, Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, DE; David Boies, BOIES SCHILLER & FLEXNER, Armonk, NY; James P. Denvir, Amy J. Mauser, Christopher G. Renner, J. Wells Harrell, BOIES SCHILLER & FLEXNER, Washington, DC.

      Attorneys for Plaintiff.

David J. Baldwin, Ryan C. Cicoski, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Robert G. Abrams, Gregory J. Commins, Jr., Danyll W. Foix, Carey S. Busen, BAKER & HOSTETLER, Washington, DC.

      Attorneys for Defendants.

September 26, 2018

ANDREWS, U.S. DISTRICT JUDGE:

Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and Modify the Case Management Order (D.I. 123) and related briefing (D.I. 124, 139, 143). For the reasons that follow, the Court will **GRANT** Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff filed this action in January 2015. (D.I. 1). Plaintiff alleges, "Defendants conspired to block [Plaintiff's] entry into the heavy construction equipment market by threatening IronPlanet and causing IronPlanet to breach its distribution agreement with [Plaintiff]." (D.I. 124 at 3).

The Court denied Defendants' motion to dismiss Plaintiff's group boycott claim and state law claims in August 2016 (D.I. 65), and entered a Scheduling Order on February 24, 2017, adopting Defendants' request for limited and phased fact discovery (D.I. 95). That Scheduling Order provided that Phase I discovery would consist of discovery into the group boycott allegations, the "adequately pled" plus factors, and the state law claims. (D.I. 95 at 2, Scheduling Order ¶ 3(a)(i)). The Order also set the follow deadlines:

- "all motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 23, 2017," (*id.* ¶ 2);

- "Phase I document production shall be made on a rolling basis and substantially completed by June 15, 2017," (*id.* ¶ 3(a)(ii)(a)), which was later extended by stipulation and order to July 6, 2017 (D.I. 115); and

- "All fact discovery in Phase I shall be initiated so that it will be completed by August 25, 2017," (D.I. 95, Scheduling Order ¶ 3(a)(ii)(b)), which was later extended by stipulation and order to September 15, 2017 (D.I. 115).

Before the Scheduling Order was entered, on November 1, 2016, Plaintiff served Rule 34 requests for production on all Defendants. (D.I. 124-2, Exh. 4).

1

Plaintiff initiated the meet and confer process with Defendants in early March 2017 in regard to the scope of document production. (D.I. 124 at 10; *see* D.I. 143-1, 143-2, 143-3, 143-4). Defendants state that "late April" is when the meeting and conferring actually occurred. (D.I. 139 at 4).

Between June 5 and June 26, 2017, each of the Defendants and IronPlanet made an initial production of documents (D.I. 124 at 8), which included the June 5 production of the so-called "simple agreement." (D.I. 139 at 4; *see* D.I. 139-15, Exh. 15). Then, on July 6, 2017, Caterpillar and Cat Auction produced additional documents, which Plaintiff alleges "illuminat[e] the nature and scope of the conspiracy." (D.I. 124 at 8; *see* D.I. 124-17, Exh. 19; D.I. 124-37, Exh. 39; D.I. 124 at 8). IronPlanet produced additional documents on July 7, 2017. (D.I. 124-10, Exh. 12).

On August 17, 2017, Plaintiff sent a letter to Caterpillar and Cat Auction, identifying what it considered to be production deficiencies. (D.I. 143 at 6; D.I. 139 at 6, 11). On August 25, 2017, Plaintiff filed the instant motion.

## II.  LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides, "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." A party seeking to amend after this deadline or more than once may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "should [be] freely give[n] ... when justice so requires." *Id.* The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the

amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

When a pleading deadline imposed by a scheduling order has passed, however, a party seeking to amend must, as a threshold matter, show "good cause" to modify the deadlines. Fed. R. Civ. P. 16(b)(4); *Eastern Minerals & Chems Co. v. Mahan*, 225 F.3d 330, 340 & n.18 (3d Cir. 2000). Good cause is found when, despite diligence on the part of the party seeking to amend, the deadline in the scheduling order "cannot reasonably be met." Fed. R. Civ. P. 16. Advisory Committee's Notes (1983 amendments). The focus of the "good cause" inquiry is, therefore, on the diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, 2016 WL 7319670, at *1 & n.2 (D. Del. Dec. 15, 2016).

## III.    DISCUSSION

Plaintiff argues that evidence discovered during Phase I discovery shows that the conspiracy was "broader than [Plaintiff] could have understood, extending to three named Caterpillar dealers, as well as other Caterpillar dealers." (D.I. 124 at 1-2). Plaintiff seeks leave to file a second amended complaint that reflects this newly discovered information. Plaintiff argues that its proposed second amended complaint not only "bolsters the factual support for existing claims against Caterpillar, Komatsu, and Cat Auction, but . . . also adds compelling claims against Cat Auction and three Caterpillar dealers." (*Id.* at 20). The new claims are for "group boycott, tortious interference, conspiracy, and aiding and abetting." (*Id.*). For comparison, the existing claims at this point are a group boycott claim and state law claims. (D.I. 64).

Defendants oppose Plaintiff's motion, arguing that Plaintiff should be barred from filing its second amended complaint under Federal Rules of Civil Procedure 16 and 15. (D.I. 139 at 9-18).

## A. Rule 16

The pleading deadline imposed by a scheduling order, June 23, 2017, passed before Plaintiff filed its motion on August 25, 2017. (D.I. 123). Therefore, to file its proposed second amended complaint, Plaintiff must show "good cause" to modify the deadline to amend.

Plaintiff asserts that it has acted diligently. (D.I. 124 at 16-18). I agree. Plaintiff only discovered the evidence motivating its motion for leave to amend after the June 23, 2017 deadline for moving to amend had passed. (D.I. 124 at 5-6). Plaintiff notes that it requested the relevant evidence in November 2016, and that it was Defendants who produced the relevant evidence after the deadline to amend. (D.I. 143 at 3-5). Among the pieces of evidence on which Plaintiff now relies are subpoenaed phone records and documents produced by IronPlanet. (D.I. 124 at 12-14).

Defendants point to just one document, the so-called "simple agreement," which Defendants say should have put Plaintiff on notice of its proposed new claims before the June 23 deadline. (D.I. 139 at 11). Plaintiff received the "simple agreement" document on June 5, 2017. (D.I. 139-15, Exh. 15). Plaintiff relies on the "simple agreement" as "direct evidence" of "collective action" for its proposed allegations in the second amended complaint. (D.I. 139 at 11; *see* D.I. 123-2 at ¶ 92). However, Plaintiff explains that it could not understand the significance of the "simple agreement" until it received other "key" documents after the June 23 deadline. (D.I. 143 at 5-6).

4

I think Plaintiff has the better of the argument. The "simple agreement" is a page containing the words "simple agreement," which appears in a Cat Auction Services board presentation. (D.I. 159-1, Presentation at 8). The page is captioned, "Key terms to negotiate with IP/key terms negotiated." It lists ten types of transactions in connection with the proposed merger with IronPlanet. The seventh transaction is described as "Agreements by CAT dealers to use NewCo [*i.e.*, the merged entity] for auctions." It describes the key consideration as "Use of CAT leverage." It lists a starting point of "Operating and remarketing agreements with large dealers," and two ending points, one of which is, "Simple agreement – no commitment levels."

Plaintiff notes, "None of the documents in the Cat Auction production containing this presentation, nor any other documents ICP had received" before the deadline "indicated that Cat Auction or Caterpillar dealers had ever discussed [Plaintiff] with IronPlanet." (D.I. 143 at 6). Accordingly, Plaintiff appears to be correct that it could not fully appreciate the significance of the "simple agreement" until after June 23, 2017.

Furthermore, even had Plaintiff immediately been able to glean the significance of the presentation (and it is certainly less than apparent from my review of it), it received the presentation less than three weeks before the deadline. Even exercising the utmost diligence, Plaintiff would have been hard-pressed to analyze the presentation's information, prepare an amended pleading, meet and confer with Defendants, and file a motion for leave to amend before the deadline.

Defendants also argue, "[Plaintiff] was not diligent in its pursuit of the discovery it claims it needed to make its proposed amendments," and "there was no urgency on behalf of [Plaintiff] with regard to discovery." (D.I. 139 at 11). As evidence, Defendants cite a March 29 email from Plaintiff suggesting an initial meet and confer the week of April 10, and accuse

5

Plaintiff of creating other delays in the discovery process. (*Id.* at 11-12 (citing D.I. 139-10, Exh. 10)). Plaintiff, on the other hand, blames delays in discovery on Defendants' objections to Plaintiff's document requests and delayed responses by Defendants. (D.I. 143 at 4-5 (citing D.I. 143, Exhs. 5-16)). Even if both parties caused delays during the discovery process, the fact remains that Plaintiff requested the relevant documents in November 2016, and Defendants did not produce them for at least eight months thereafter. Defendants really cannot win an argument that Plaintiff should have been more aggressive in getting Defendants to meet their obligations.

Accordingly, I find that Plaintiff has shown diligence and "good cause" to modify the deadline to amend. *See Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 372-74 (D. Del. 2009) (granting leave where plaintiff was "pleading new legal theories based on additional information which was recently provided" and "filed its amendment shortly after it was able to satisfy the [applicable] pleading requirements"). The cases on which Defendants rely are not analogous to the situation here, where Plaintiff has shown diligence before the deadline to amend. *See Eastern Minerals & Chems. Co.*, 225 F.3d at 340 (denying leave because the movant never "specified . . . why information from independent sources could not have been obtained earlier"); *Sonos, Inc. v. D&M Holdings, Inc.*, 2017 WL 476279, at *2 (D. Del. Feb. 3, 2017) (denying leave because the movants never argued that they acted diligently "prior to the deadline for amendments").

## B. Rule 15

Defendants argue, "Even if [Plaintiff] could establish good cause required to amend after the Court's deadline, [Plaintiff's] proposed amendments should still be denied under Rule 15." (D.I. 139 at 12).

The factors to consider in weighing a motion for leave to amend are "(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Cot'n Wash Inc. v. Henkel Corp.*, 56 F.Supp.3d 613, 620 (D. Del. 2014).

As to the first factor, the Plaintiff has shown diligence, which means its amendment has not been unduly delayed.

As to the second factor, to find prejudice under Rule 15, the non-moving party must show that it was "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). I agree with Plaintiff that Defendants would not be prejudiced by the second amended complaint. (D.I. 143 at 1-2). Defendants primarily argue that further discovery would increase litigation costs. (D.I. 139 at 13-14). If requiring additional discovery (or, indeed, anything else that prolonged the litigation) were sufficient prejudice, most amendments would not be allowed. Thus, Defendants' argument runs contrary to "the well-established rule that amendments should be liberally allowed." *Long v. Wilson*, 393 F.3d 390, 401 (3d Cir. 2004). Accordingly, Defendants will not be prejudiced by Plaintiff's second amended complaint.

As to the third factor, Defendants do not argue that Plaintiff brings its amendment for some improper purpose.

As to the fourth factor, the parties dispute, in a fairly conclusory fashion, whether the amended claims are viable, and whether the rule of reason or the *per se* rule applies. (D.I. 139 at

15-18; D.I. 143 at 8-9). I cannot say at this time that Plaintiff's proposed amendment is futile. Defendants can flesh out their argument at a later stage.

None of the Rule 15 factors supports denying Plaintiff's motion for leave to file a second amended complaint. Thus, I will grant Plaintiff's Motion.

### C. New Schedule

Should the Court allow Plaintiff to file a second amended complaint, Plaintiff argues, "[T]he limitations Defendants sought, and received on Phase I discovery – [t]he presence of parallel conduct and one or more 'plus factors' – no longer makes sense in light of the evidence of conspiracy produced to date." (D.I. 124 at 2). Therefore, Plaintiff also seeks an order "modifying the Case Management Order to extend the deadline to file motions to amend pleadings and join other parties, to vacate the existing deadlines and subject matter limitations for Phase I discovery, and direct to parties to meet and confer and propose a modified discovery schedule consistent with the broad conspiracy shown by the evidence." (*Id*. at 6).

I will grant Plaintiff's request, but the details remain to be worked out. Once Defendants have answered the second amended complaint,[1] the Court will set a new schedule.

## IV. CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint and Modify the Case Management Order (D.I. 123) is granted.

A separate order will be entered.

---

[1] I understand there will likely be more motions to dismiss. (*See* D.I. 139 at 15).