IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC, ) ) ) | |
| *Plaintiff*, ) ) | |
| v. ) ) | Civ. No. 15-108-RGA |
| CATERPILLAR INC., KOMATSU AMERICA CORP., ASSOCIATED AUCTION SERVICES, LLC d/b/a CAT AUCTION SERVICES, RING POWER CORPORATION, ZIEGLER INC., and THOMPSON TRACTOR COMPANY, INC. ) ) ) ) ) ) | |
| *Defendants*. ) ) | |

**MEMORANDUM**

After four complaints, each subject to multiple motions to dismiss that have been granted in whole or in part, Defendant Caterpillar has filed a motion to strike allegations in the third amended complaint filed by Plaintiff International Construction Products ("ICP"). (D.I. 257). Specifically, Caterpillar moves to strike all or portions of the following paragraphs: 3, 5, 18, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 101, 102, 103, 106, 107, 108, 115, 123, 128, 129, 132, 133, 137, 139, 140, 143, 144, 159, 162, 210, 215. (*See* D.I. 258-1 (highlighted to show what Caterpillar seeks to strike)). For the following reasons, Caterpillar's motion to strike (D.I. 257) is granted.

**I.   BACKGROUND**

In its original complaint, ICP relied on the merger between IronPlanet and Associated Auction Services to assert claims for, among other things, unlawful merger in violation of Sherman Act § 1 and Clayton Act § 7 (Counts 9 and 10).[1]  (D.I. 1 ¶¶ 133-36).  In January 2016, the court

---

[1]   Section 1 of the Sherman Act provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with

dismissed counts 9 and 10 with prejudice, because a merger between two entities that operated in the market for *used* heavy construction equipment could not substantially lessen competition in the market for *new* heavy construction equipment, which is the only market where ICP operates. (D.I. 45 at 25, 27).

In response, ICP simultaneously filed an amended complaint and a motion for reconsideration, which asked the court, among other things, to reconsider its dismissal with prejudice of the unlawful merger claims. (D.I. 48; D.I. 49). In response to the amended complaint, Defendants filed a motion to dismiss. (D.I. 54). To show that the merger would substantially lessen competition, the amended complaint alleged that a post-merger IronPlanet will be "less interested in supporting the entry of new and disruptive competitors into the relevant heavy construction equipment markets," because IronPlanet will be "'part of the extended Caterpillar network,' and will have incentives aligned with Caterpillar." (D.I. 48 ¶ 113). The court rejected this argument, denied the motion for reconsideration, and granted the motion to dismiss, because the antitrust injury must be "a direct effect" of the antitrust violation "not a mere causal link." (D.I. 64 at 21 (quoting *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 321 (3d Cir. 2007))).

Despite these rulings, when ICP filed its second amended complaint on September 26, 2018, it did not remove allegations that the merger was part of anticompetitive conspiracy, but instead added more than thirty paragraphs expanding on its unlawful merger theory. (*See*, *e.g.*, D.I. 123-3 ¶ 132 (keeping allegation that, "The merger of IronPlanet and Cat Auction Services will align IronPlanet's incentives with those of Caterpillar … and will ensure that IronPlanet will never again facilitate the entry of ICP and other new competitors into the relevant heavy construction

---

foreign nations, is declared to be illegal." 15 U.S.C. § 1. Section 7 of the Clayton Act prohibits mergers the effect of which "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. § 18.

equipment markets."); *id*. at ¶ 18 (adding allegation that "overt acts in furtherance of the conspiracy occurred in Delaware (including the merger of Cat Auction Services and IronPlanet)"); *id*. at ¶ 98 (alleging that a Caterpillar executive "propos[ed] a plan to take control of IronPlanet to extinguish the competitive threat posed by ICP").

ICP relied on these merger allegations to assert that the court had personal jurisdiction over the non-resident Dealer Defendants. (D.I. 200 at 38). Under Delaware law, a court has personal jurisdiction over non-residents that participate in a conspiracy as long as a "substantial act" in furtherance of the conspiracy occurred in Delaware. (D.I. 238 at 7 (quoting *Istituto Bancario Italiano SpA v. Hunter Eng'g Co*., 449 A.2d 210, 225 (Del. 1981))). According to ICP, the substantial act was the merger. (D.I. 200 at 40). But the court rejected this theory because both the merger contract and merger consummation occurred long after "the object of the conspiracy was achieved in the Spring of 2014 when Iron Planet repudiated its contract with IPC," and, as the court previously held, the "merger did not unlawfully restrain trade. (D.I. 238 at 8).

With the third amended complaint, filed on October 24, 2019, ICP again did not remove any allegations that the merger was part of an anticompetitive conspiracy, but instead again added more such allegations. (*See*, *e.g*., D.I. 246 ¶¶ 18, 98, 132 (keeping same allegations from above); *see also*, *e.g*., *id*. at ¶ 143 (adding allegation that "IronPlanet's CEO communicated to Cat Auction a proposal for a merger" that was "unacceptable to Caterpillar, which desired to obtain control over IronPlanet and in that way extinguish forever the threat of new entry by ICP")).

In addition, ICP amended its previously bare-bones state law claims by identifying the elements of the claims and then alleging that certain paragraphs of the complaint, incorporated by reference, satisfied the requirements of that element. For example, in support of its tortious interference with contract claim, the third amended complaint states, "As alleged in Paragraphs 85-128 and 136-163, Defendants used wrongful means to interfere with that contract." (D.I. 246

3

¶ 184). By using this "puzzle pleading" technique, ICP incorporated into the state law counts, multiple allegations that the merger was anticompetitive, even though the court had rejected this theory multiple times. For example, paragraph 101, which has been incorporated into the tortious interference claim by reference, alleges that Caterpillar wanted to merge Associated Auction Services and IronPlanet in order to "bring[] IronPlanet under the control of Caterpillar to ensure that IronPlanet would never again be free to support new entrants into the relevant heavy construction equipment markets." (*Id*. at ¶ 101).

## II. DISCUSSION

Rule 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc*., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are generally disfavored and usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

The court has repeatedly ruled that the merger of IronPlanet and Associated Auction Services was not unlawful, but ICP's third amended complaint continues to allege that the merger was unlawful, and ICP has incorporated these allegations into its claims by reference. Thus, Caterpillar is being forced to continue to litigate issues related to the merger even though it has repeatedly obtained dismissal of these claims and theories. To avoid prejudice to Caterpillar and unnecessary forays into immaterial maters, Caterpillar's motion to strike (D.I. 257) is granted. An appropriate order will be entered.

Dated: August 11, 2020                                  /s/ Richard G. Andrews
                                                        UNITED STATES DISTRICT JUDGE