IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION
PRODUCTS LLC,

               Plaintiff,

    v.

CATERPILLAR INC., et al,

               Defendants,

Case No. 15-cv-108-RGA-SRF

**STIPULATION AND [PROPOSED] SCHEDULING ORDER**

Upon consideration of the parties' report containing competing proposed discovery plans (D.I. 316), and the scheduling conference held on February 18, 2021, it is, by the Court, this ___25___ day of March 2021, ORDERED that the following dates and deadlines will govern proceedings in this matter:

1.      The Court previously issued a scheduling order on February 24, 2017 ("Prior Order"), which set out a phased discovery plan. (*See* D.I. 95 at 2-3.) Per the Court's instruction at the February Conference, phased discovery shall continue. Phase I will consist of all fact discovery concerning the existence of a conspiracy and will include expert discovery. *See* February Conference Tr. 9:18-10:23; 12:21-13:15. A party may seek Phase I Fact Discovery from any source, including any third party. Phase II will focuses on the issues of market definition, antitrust injury, and damages. Discovery shall be coordinated with discovery in the related matter before the Northern District of Florida, *International Construction Products LLC v. Ring Power Corporation et al.*, No. 5:20-cv-00226-TKW-MJF ("Florida Action"). Discovery in the Florida Action may be used in this matter.

**Phase I Discovery**

2. Deadlines for Phase I Fact Discovery:

> (A) All fact discovery in Phase I shall be completed by July 19, 2021.

> (B) All expert discovery in Phase I shall be completed by November 17, 2021.

3. Limitations on Discovery for Phase I:

> (A) 30 requests for admission are permitted for each side.

> (B) 15 interrogatories, including contention interrogatories, are permitted for each side.

> (C) For purposes of Phase I Discovery, each side is limited to a total of 112 hours of taking testimony of fact witnesses by deposition upon oral examination. Depositions of expert witnesses and third-party witnesses— meaning any witness that is not a current or former employee of a named party in either the Florida or Delaware Action—shall not count toward the 112 hour limit. All other fact depositions taken in the Florida Action shall count toward the 112 hour limit.

4. Disclosure of Expert Testimony:

> (A) Plaintiff's initial Federal Rule 26(a)(2) disclosure of expert testimony, as it pertains to Phase I, is to be served 30 days after the conclusion of Phase I Fact Discovery, on August 18, 2021;

> (B) Manufacturer Defendants' Federal Rule 26(a)(2) disclosure of expert testimony, as it pertains to Phase I, is to be served 90 days after the conclusion of Phase I Fact Discovery, on October 18, 2021;

(C)    No other Phase I expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than 30 days after service of disclosures.

**Phase II Discovery**

5.    Phase II Fact Discovery shall commence 45 days after the conclusion of Phase I Discovery or, if dispositive motions are filed, after the Court's decision on dispositive motions, whichever date is later.

6.    The scope of Phase II shall be consistent with the scope as defined by the Prior Order. (*See* D.I. 95 at 3.) As noted above, Phase II focuses on the issues of market definition, antitrust injury, and damages, including expert testimony.

7.    Deadlines for Phase II Fact Discovery

(A)    Phase II document production shall be made on a rolling basis and be substantially completed within 90 days of the commencement of Phase II Fact Discovery.

(B)    All fact discovery in Phase II shall be initiated so that it will be completed within 150 days of the commencement of Phase II Fact Discovery.

8.    Disclosure of Expert Testimony

(A)    Plaintiff's initial Federal Rule 26(a)(2) disclosure of expert testimony, as it pertains to Phase II, is to be served 30 days after the conclusion of Phase II Fact Discovery, which has yet to be determined;

(B)    Manufacturer Defendants' Federal Rule 26(a)(2) disclosure of expert testimony, as it pertains to Phase II, is to be served 90 days after the conclusion of Phase II Fact Discovery, which has yet to be determined;

**Location of Depositions**

9.    Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  Given the ongoing pandemic, video depositions are acceptable, and deponents and counsel need not physically be within the District of Delaware during the deposition.  The parties will consult and agree on a remote deposition protocol.

**Deposition Time**

10.    No deposition of a witness may exceed one day of 7 hours, unless by order of the Court or by agreement of the parties. For purposes of this paragraph, all officers, directors, managing agents, or other designated persons testifying on behalf of any organization pursuant to Fed. R. Civ. P. 30(b)(6) shall collectively be considered a single person. Each party may be deposed pursuant to Fed. R. 30(b)(6) for up to 7 hours. To the extent a witness testifies as a 30(b)(6) witness, and the witness is also noticed for deposition in his or her individual capacity, the witness' testimony pursuant to Fed. R. Civ. P. 30(b)(6) shall not count against the 7 hours for which the witness may be deposed in his or her individual capacity.

4

**Case Dispositive Motions**

11.     All Phase I related case dispositive motions, together with supporting briefs and evidence, shall be served and filed on or before December 10, 2021, after the completion of Phase I Expert Discovery.  If necessary, any briefs in opposition shall be filed no later than January 10, 2022.  If necessary, any reply briefs shall be filed no later than January 24, 2022. No case dispositive motion for Phase I under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12.     The parties may file additional Rule 56 case dispositive motions on or before the date 45 days after the completion of Phase II Expert Discovery.  No case dispositive motion for Phase II under Rule 56 may be filed more than ten days before the above date without leave of the Court.

**Applications by Motion**

13.     To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, such objection shall be made by motion no later than the deadline for dispositive motions, unless otherwise ordered by the Court.

14.     Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

**Pretrial Conference**

15.     On May 23, 2023, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m..  The parties shall file a joint proposed final pretrial order

5

in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

Dated:     March 25, 2021

|  |  |
|---|---|
|  | /s/ Brian A. Biggs |
| OF COUNSEL: | Brian A. Biggs (No. 5591) |
| David H. Bamberger | Erin E. Larson (No. 6616) |
| Paul Schmitt | DLA PIPER LLP (US) |
| DLA PIPER LLP (US) | 1201 North Market Street, Suite 2100 |
| 500 Eighth Street, NW | Wilmington, DE 19801 |
| Washington, DC 20004 | (302) 468-5700 |
| (202) 799-4500 | brian.biggs@dlapiper.com |
|  | erin.larson@dlapiper.com |
|  | *Attorneys for Defendant Komatsu America Corp.* |

|  |  |
|---|---|
|  | /s/ David J. Baldwin |
| OF COUNSEL: | David J. Baldwin (No. 1010) |
| Joseph A. Ostoyich | BERGER HARRIS, LLP |
| Heather S. Choi | 1105 N. Market St., 11th Floor |
| Paul C. Cuomo | (302) 655-1140 |
| BAKER BOTTS L.L.P. | dbaldwin@bergerharris.com |
| 700 K St., N.W. | Wilmington, DE 19801 |
| Washington, D.C. 20001 | *Attorneys for Defendant Caterpillar Inc.* |
| (202) 639-770 |  |

|  |  |
|---|---|
|  | /s/ Matthew D. Stachel |
| OF COUNSEL: | Daniel A. Mason (No. 5206) |
| William A. Isaacson | Matthew D. Stachel (No. 5419) |
| Amy J. Mauser | PAUL, WEISS, RIFKIND, |
| David Cole | WHARTON & GARRISON LLP |
| PAUL, WEISS, RIFKIND, | 500 Delaware Avenue, Suite 200 |
| WHARTON & GARRISON LLP | Post Office Box 32 |
| 2001 K Street, NW | Wilmington, DE 19899 |
| Washington, D.C. 20006-1047 | (302) 655-4410 |
| (202) 223-7300 | dmason@paulweiss.com |
|  | mstachel@paulweiss.com |
| David Giller |  |
| Jonathan H. Kim | *Attorneys for the Plaintiff* |
| PAUL, WEISS, RIFKIND, |  |
| WHARTON & GARRISON LLP |  |
| 1285 Avenue of the Americas |  |
| New York, NY 10019-6064 |  |
| (212) 373-3000 |  |

SO ORDERED this  25  day of   March   , 2021.


 /s/ Richard G. Andrews
United States District Judge