IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 15-108-RGA |
| CATERPILLAR, INC., et al., | : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendant Caterpillar has moved for certification of interlocutory appeal of my denial of its summary judgment motion. (D.I. 463). The motion has been fully briefed. (D.I. 465, 468, 471).

The parties agree upon the standard for such a certification. I would need to certify that the appeal involves a controlling question of law upon which there is substantial ground for difference of opinion, the resolution of which would materially advance the ultimate termination of the litigation. (D.I. 465 at 8; D.I. 468 at 3). Caterpillar says that there are "at least" five such controlling questions of law. (D.I. 465 at 10).

I think Caterpillar is wrong. It does not cite any cases that are contrary to any of the cases I cited in my summary judgment opinion. Indeed, for most of the issues it raises, it is clear that it does not disagree on the law. It merely disagrees with my application of that law to the

facts of record in this case. It essentially wants a do over with the Court of Appeals on the application of established law to an extensive factual record.

Caterpillar's first argument is that I impermissibly allowed late amendment of the pleadings. That is not a "controlling question of law." Amendment of pleadings is a discretionary decision.

Caterpillar's second argument, which is not addressed in the summary judgment opinion, is that Caterpillar is too remote to be a defendant when ICP is the plaintiff. ICP is an "indirect purchaser," not a "direct purchaser." The argument relates to "the risk of duplicative recovery and the potential for overly-complex damages and apportionment calculations." *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 851 n.14 (3d Cir. 1996). Caterpillar did not address either the risk of duplicative recoveries[1] or the potential for problems related to damages in its summary judgment briefing. (D.I. 391 at 34-35; D.I. 433 at 6-7). It does not hint at any such argument in the instant briefing either.

Caterpillar's third argument is that I ruled incorrectly on its collateral estoppel argument. I put it like this because Caterpillar and I agree that the same Third Circuit case states the law. (D.I. 456 at 23; D.I. 465 at 13). There is no dispute about a controlling question of law.[2]

Caterpillar's fourth argument is, essentially, that the great weight of the evidence is on its side. That could be true, but that is not the standard that applies when considering summary judgment. Caterpillar characterizes Plaintiff's evidence as "speculation." (D.I. 465 at 15). Caterpillar simply disagrees with my analysis of the record.

---

[1] I cannot see how there would be any risk at all.
[2] Although not germane to this Memorandum Order, I note that the related case in Florida was argued to the Eleventh Circuit on December 13, 2022.

Caterpillar's fifth argument is that the evidence for the tortious interference claim is insufficient. I do not think there is any disagreement on the applicable law. Rather, the disagreement is on whether the record provides a basis for Plaintiff to move forward on this claim. That is not a controlling question of law.

Caterpillar's motion (D.I. 463) is **DENIED**.

IT IS SO ORDERED this 17th day of April 2023.

_____
United States District Judge