**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>CATERPILLAR INC. et al.,<br><br>                    Defendants. | Case No. 15-cv-108-RGA-SRF |

**PLAINTIFF INTERNATIONAL CONSTRUCTION PRODUCTS LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Plaintiff International Construction Products LLC ("ICP") respectfully submits this reply in further support of its motion for leave to file its proposed Fourth Amended Complaint (D.I. 563, the "Motion"). Defendant Caterpillar Inc.'s ("Caterpillar") assertions in its Opposition to Plaintiff's Motion for Leave to File Fourth Amended Complaint (D.I. 567, the "Opposition") fail to address the applicable legal standards. ICP's amendments merely seek to conform its claims to the evidence established during discovery, and such amendments are routinely allowed up to and during trial.

1.       In opposing ICP's Motion, Caterpillar first argues that ICP's proposed amendment is "untimely" or lacks "good cause." (Opposition ¶¶ 10-14). Not so. The Federal Rules of Civil Procedure refute this argument. As ICP explained (Motion ¶ 3), the proposed amendments expressly advance a negative tying claim grounded in allegations already present in Counts One and Two of the Third Amended Complaint (D.I. 246). The changes reflected in the proposed Fourth Amended Complaint seek solely to conform ICP's claims to existing evidence, without making any new factual allegations. Federal Rule Of Civil Procedure 15(b)(2) provides that a

party "may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."  Courts in this Circuit have understood that Rule to allow plaintiffs to conform complaints to the evidence at any point in the litigation.  *E.g.*, *Greygor* v. *Wexford Health Services, Inc.*, 2016 WL 772740, at *4 (W.D. Pa. Feb. 27, 2016) (permitting amendment after deadline in scheduling order, noting that "parties can always amend to conform to the evidence, even during or after trial.") (citing cases); *N'Jai* v. *E.P.A. et al.*, 2014 WL 6612899, at *4 n.7 (W.D. Pa. Nov 20, 2014) (Federal Rule 15(b) allows for amendments to pleadings to conform to the evidence after the conclusion of discovery).  Because amendments to conform to the evidence are permissible under the Federal Rules of Civil Procedure at any time, including following trial itself, ICP's Motion cannot properly be considered "untimely" or without "good cause."

2.      Further, Caterpillar's arguments that the Motion should be rejected under Rule 15(a) depend on a misapplication of the applicable legal standard.  As this Court has noted, D.I. 160, and as Caterpillar's Opposition acknowledges (¶ 16) , the factors courts consider in evaluating a proposed amendment include "(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile."  *Cot'n Wash, Inc.* v. *Henkel Corp*., 56 F.Supp.3d 613, 621 (D. Del. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Here, ICP's timing of its Motion cannot properly be considered "undue delay."  "The passage of time, without more," is not sufficient basis for denial of a motion to amend.  *Adams* v. *Gould*, 739 F.2d 858, 868 (3d Cir. 1984) (citing cases).  Even if there were a delay, that alone "is an insufficient ground to deny an amendment."  *Cornell & Co.*, *Inc.* v. *Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citing cases).  The passage of time only

becomes "undue delay" where it "plac[es] an unwarranted burden on the court," or "plac[es] an unfair burden on the opposing party." *Adams*, 739 F.2d at 868 (citing cases). The Motion places no such burden on the Court or Caterpillar. As explained above, the amendments to the Complaint are of a nature that Federal Rule 15(b) would permit during or after *trial*. No "undue delay" can exist where ICP could properly file this motion at that time.

3. Nor would granting the Motion "unfairly prejudice" Caterpillar. As ICP noted in its Motion, the Fourth Amended Complaint would serve to mitigate any possibility of unfair surprise to Caterpillar associated with its negative tie claim, even though Counts 1 and 2 of the Third Amended Complaint already suffice to put Caterpillar on notice of this theory. While Caterpillar contends that ICP's negative tie claim represents a completely novel legal argument, the factual allegations regarding the interactions between Caterpillar and IronPlanet that underlie the negative tie theory are already present are in the Third Amended Complaint filed on October 24, 2019. *See, e.g.* D.I. 246 ¶¶ 132-33. Those facts support a negative tying claim, a claim based on Caterpillar's agreement to sell used heavy construction equipment on IronPlanet's platform only if IronPlanet terminated its agreement with ICP. *E.g.*, *Eastman Kodak Co.* v. *Image Technical Serv. Co.*, 504 U.S. 451 (1992) (holding that Kodak's policy that it would not sell spare parts to Kodak equipment owners unless they agreed not to use independent service providers was a *per se* negative tie). Caterpillar's protestations that it would need both to conduct additional discovery and respond to a novel legal claim in response to the Fourth Amended Complaint thus are incorrect.

4. Caterpillar's assertion that ICP filed its Motion when it did to preempt further discovery in response to the negative tie claim is baseless. (Opposition ¶¶ 17-21.) As explained above, litigation of the negative tie argument does not require additional discovery. It is based on facts already established in discovery.

3

5.      ICP's Motion would not be futile.  "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *In re Burlington Coat Factory Sec. Litig.*, 1114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman* v. *Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  This Court's Memorandum Opinion regarding motions for summary judgment filed by Caterpillar and Komatsu, Inc., D.I. 456, demonstrates that ICP's negative tie claim is supported by the current evidence of record.  The Court noted that "[t]here is both direct and circumstantial evidence showing that Caterpillar pressured IronPlanet to terminate its relationship with ICP."  D.I. 456 at 32.  Specifically, the Court indicated that "there is evidence showing that Caterpillar, using its position as a controlling shareholder in Cat Auction with veto rights over any potential change in ownership, predicated the continuation of merger negotiations between Cat Auction [Services] and IronPlanet on IronPlanet terminating its relationship with ICP."  *Id.*  The Court further cited "Caterpillar's intention to condition the Cat Auction/IronPlanet merger on the termination of IronPlanet's relationship with ICP."  *Id.* at 33.  Given that the record is replete with factual evidence to support ICP's allegation that Caterpillar conditioned its collaboration with IronPlanet in the sale of used Caterpillar equipment on the cessation of IronPlanet's relationship with ICP, the amendments proposed by the Motion easily satisfy the Rule 12(b)(6) pleading standard, and are thus not futile.  *E,g.*, *Crownalytics, LLC* v. *Spins LLC,* 2023 WL 3071192, at *9 (D. Colo. Apr. 25, 2023) (denying motion to dismiss negative tying claim alleging that defendant's sale of data was conditioned on customers' agreement not to use any third-party data analytics providers).

6.      For these reasons and those in its Motion, ICP respectfully requests the Court grant the Motion and permit ICP to file its proposed Fourth Amended Complaint.

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

*Of Counsel*:

By: */s/ Matthew D. Stachel*

William A. Isaacson (*pro hac vice*)
Amy J. Mauser (*pro hac vice*)
David E. Cole (*pro hac vice*)
PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
wisaacson@paulweiss.com
amauser@paulweiss.com
dcole@paulweiss.com

Daniel A. Mason (No. 5206)
Matthew D. Stachel (No. 5419)
500 Delaware Avenue, Suite 200
P.O. Box 32
Wilmington, DE 19899-0032
(302) 655-4410
dmason@paulweiss.com
mstachel@paulweiss.com

*Attorneys for Plaintiff International
Construction Products LLC*

Dated:  August 2, 2023