IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CATERPILLAR INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 15-108-RGA-SRF |

### MEMORANDUM ORDER

At Wilmington this **18th** day of **September, 2023**, the court having considered the letter briefing on the parties' competing discovery motions, (D.I. 575; D.I. 576; D.I. 579; D.I. 580),[1] and the arguments presented during the discovery dispute hearing on September 18, 2023, IT IS ORDERED that the parties' discovery motions are addressed as follows:

1. **ICP's clawback motion is DENIED.** International Construction Products LLC ("ICP") moves to "sequester," or claw back, all copies of three documents which were produced to Defendant and marked as exhibits during the deposition of Joseph Frank. (D.I. 575 at 1) The three allegedly privileged documents contain an email chain between Tim Frank, the ICP Chairman, and his brother, Joseph Frank, an ICP co-owner and board member who also provided legal counsel to ICP. (*Id.* at 2) The general subject matter of the documents concerns the sale of certain pieces of equipment. (*Id.*, Exs. B-D)

---

[1] Counsel is reminded that "[e]xhibits to discovery dispute letter submissions are limited to a total of no more than 200 pages, absent leave of court. The parties shall make reasonable efforts to attach only those pages relevant to the discovery dispute as exhibits." *See* Judge Fallon's Discovery Disputes – Procedures, www.ded.uscourts.gov/judge/magistrate-judge-sherry-r-fallon. Counsel is further advised that the moving party is required to attach a proposed order as an exhibit to the opening letter submission. *See id.*

2. During his deposition, Joseph Frank claimed that he was a "silent partner" in ICP's business operations and indicated his primary role at ICP was to provide legal advice as general counsel. (*Id.*, Ex. A at 34:1-6) In response to questioning about the challenged documents, Joseph Frank represented that he provided purely legal advice to ICP on what he characterized as a business decision with legal implications. (*Id.*, Ex. A at 81:1-82:3, 83:17-86:24)

3. Caterpillar Inc. ("Caterpillar") previously raised a general challenge to ICP's privilege logs in a discovery dispute heard on June 1, 2023. (D.I. 540 at ¶ 3) The court denied Caterpillar's requested relief without prejudice to renew upon narrowing the scope of the request and participating in a meet and confer with ICP. (*Id.*) Following this process, ICP removed the privilege designation and produced the documents now at issue in late June of 2023: "We have completed that review [after the Court's June 1, 2023 discovery dispute teleconference]. As a result, we removed certain documents from the log and produced them – a portion of which are different parts of the same email chains." (D.I. 576, Ex. E) To confirm that the privilege designation was removed, ICP served updated privilege logs on July 6 which omitted the challenged email chain. (*Id.*, Exs. F-G) At the July 12 deposition of Joseph Frank, ICP prevented examination of the witness on the content of the documents on the basis of attorney client privilege. (*Id.*, Ex. H) After the deposition, ICP reasserted the privilege over the three challenged documents in an August 21 communication. (*Id.*, Ex. I)

4. ICP argues that the parties' Stipulated Order under Federal Rules of Evidence 502(d) and (e) (the "Rule 502 Order") allows it to claw back documents after "initially logging these documents as privileged and then producing them." (D.I. 575 at 3) The Rule 502 Order provides that "[t]he disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege . . . to a Receiving Party, shall in no way constitute the

voluntary disclosure of such Document" and "shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document[.]" (D.I. 112 at ¶¶ 1-2) The Rule 502 Order further precludes the receiving party from arguing that "the Producing Party did not take reasonable steps to prevent the disclosure of the privileged Document[.]" (*Id.* at ¶ 3) This language does not track the language of Rule 502, which expressly addresses inadvertent production and is incorporated by reference in the parties' stipulated order. By identifying the Rule 502 Order in the context of Rule 502, the parties evidenced their agreement to be bound by the Rule.

    **5.** The challenged documents are not protected under Fed. R. Evid. 502(d) or the Rule 502 Order because there is no dispute that the production in this instance was intentional. "Courts have often explained that the purpose and intent of Rule 502(d) relates to documents that are mistakenly or unintentionally produced—not to documents . . . that were produced intentionally." *See Nielsen Co. (US), LLC v. HyphaMetrics, Inc.*, C.A. No. 21-1591-CJB, 2023 WL 3569362, at *2 (D. Del. May 19, 2023) (citing cases). ICP's argument is inconsistent with Rule 502(d), which was intended to "allow the parties to conduct and respond to discovery expeditiously, *without the need for exhaustive pre-production privilege reviews*, while still preserving each party's right to assert the privilege[.]" Fed. R. Evid. 502, Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence, Subdivision (d)—Court orders. Here, ICP reviewed the documents for privilege concerns twice before producing them.

    **6.** Even if the Rule 502 Order were construed to protect intentionally disclosed documents, or even if the court were to determine that ICP's production was inadvertent (an argument not raised by ICP), the inquiry does not end there because ICP is still required to show

3

that the documents are protected by the attorney-client privilege. But Plaintiff has not met its burden to show that the primary purpose of the communication was to solicit or render legal advice, as is required for application of the attorney-client privilege. *See Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 147 (D. Del. 1977) (explaining that the proponent of the privilege has the burden to show that lawyers are acting as lawyers "giving advice with respect to the legal implications of a proposed course of conduct."). A review of the allegedly privileged communications in this case confirms that they "primarily relate[ ] to business concerns." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *1 (D. Del. Oct. 15, 2021) (quoting *Immersion Corp. v. HTC Corp.*, C.A. No. 12-259-RGA, 2014 WL 3948021, at *1 (D. Del. Aug. 7, 2014)). The documents contain no discussion of legal advice supporting Joseph Frank's decision, nor do they include an analysis of the legal implications of the decision for ICP depending on which course of action is advised. Consequently, ICP's clawback motion is DENIED.

7. **Caterpillar's motion to compel ICP to review and produce Joseph Frank's documents from June 2014 to April 15, 2015 is DENIED.** Caterpillar's request for Joseph Frank's documents from June 2014 to April 15, 2015 is untimely. Caterpillar first identified a deficiency in the production of documents from Joseph Frank in a letter to ICP dated March 2, 2023. (D.I. 579, Ex. 17 at 1) About two months later, Caterpillar raised a dispute challenging ICP's failure to produce Joseph Frank's custodial documents. (D.I. 535) But Caterpillar's moving discovery dispute submission in May of 2023 did not provide sufficient context regarding the festering nature of this issue. For example, it did not attach ICP's letter from May 31, 2018 identifying Joseph Frank as a custodian, nor did it include the correspondence from March 2, 2023 identifying the lack of documents from Joseph Frank as a production deficiency,

4

although these letters had already been exchanged at the time and would have provided a more comprehensive background of the nature of the dispute. (D.I. 535-1)

8. Caterpillar's previous discovery dispute letter on this issue also failed to define the scope of the relief being sought. Caterpillar focused repeatedly on the period from 2013 to 2014, based on its position that Joseph Frank's role at ICP was limited to being a co-owner and businessperson, as opposed to a legal advisor, during that time. (D.I. 535 at 2-3) Caterpillar did not separately address any arguments directed to the period from 2014 to 2015, which is relevant to damages issues. The previous discovery dispute letter is also devoid of any representations regarding the potential volume of documents at issue, and Caterpillar did not ask the court to compel ICP to provide a hit count or apply a particular set of search terms to identify arguably relevant documents. (*Id.*) Moreover, Caterpillar did not attach the requisite proposed order to its moving submission which could have otherwise defined the scope of the relief being sought.

9. The court denied Caterpillar's request for relief without prejudice during the discovery dispute teleconference on June 1, 2023, noting that the parties had not properly vetted the issue through the meet and confer process and Caterpillar had failed to show Joseph Frank was timely designated as a custodian. (D.I. 540) During a meet and confer the following week, ICP represented that it had produced non-privileged pre-June 2014 documents from Joseph Frank. (D.I. 579 at 1) Caterpillar's pending motion does not seek any further relief regarding the pre-June 2014 period. (*Id.*)

10. During the June 8 meet and confer, ICP also confirmed it had not collected or reviewed any documents from June 2014 to April 2015. (*Id.* at 1-2) But this tranche of documents was not the focus of Caterpillar's moving discovery dispute submission in May of 2023. (D.I. 535) Caterpillar did not move the court for relief on custodial documents from the

5

post-June 2014 period until August 29, 2023, more than a month and a half after the extended close of fact discovery. (D.I. 560; D.I. 573)

11. Now, the expert discovery period is nearing its close, and briefing on motions for summary judgment will begin in less than a month. (D.I. 532 at ¶¶ 5-6) Further production of "thousands" of documents at this stage runs the risk of derailing the trial schedule, particularly because the production is likely to raise privilege challenges. There is no time left in the case schedule to compel a hit count, reopen document discovery, depose a witness on newly produced documents, and/or entertain privilege challenges on new privilege logs. And, for the reasons previously stated, the record shows that the relief requested in Caterpillar's pending motion to compel could have been pursued within the fact discovery period.

12. Even if the court were inclined to reopen discovery, the relief sought by Caterpillar in the pending moving submission still fails to define the scope of relief being sought. Caterpillar cites ICP's representation that there are "thousands" of unreviewed and uncollected Joseph Frank documents without showing that Caterpillar sought (or now seeks to compel) an actual hit count from ICP. (D.I. 579 at 3) And no information was provided regarding how many of Joseph Frank's documents from the 2013 to 2014 period were produced, what percentage were logged as privileged, and/or what percentage of those documents were cumulative of other documents that had already been produced. Such information might be used as a marker for comparison of the volume of documents in the 2014 to 2015 collection of documents.

13. Presumably the core Phase II discovery issues have been vetted through discovery from Tim Frank and ICP nonlegal board members, executives, and/or employees. The court is not convinced that thousands of non-duplicative documents remain to be produced on the core

issues. This is reinforced by the fact that Caterpillar's request for relief does not raise any challenges to privilege designations in the communications of Tim Frank or other custodians who likely conferred with Joseph Frank during the time period at issue. (D.I. 576, Exs. B-C) For all the foregoing reasons, Caterpillar's motion to compel is denied.

14. **Caterpillar's motion to compel a supplemental deposition of Joseph Frank is GRANTED-IN-PART.** Caterpillar requests a supplemental deposition of Joseph Frank to question him on any new documents that may be produced. The only new documents on which Joseph Frank was not previously deposed are the three documents marked as Exhibits 3, 4, and 5 to Joseph Frank's original deposition. As discussed during the discovery dispute hearing on September 18, 2023, Caterpillar is granted leave to take a supplemental deposition of Joseph Frank limited to no more than ninety (90) minutes, with questioning limited to the three clawed back documents. Objections during the supplemental deposition are to be made in accordance with Rule 30(c)(2) of the Federal Rules of Civil Procedure. The parties are to work together on scheduling the deposition to have it completed promptly, so as not to cause further adjustment of the balance of the scheduling order deadlines.

15. Caterpillar's motion to compel a supplemental deposition of Joseph Frank is denied in all other respects. Because the court has denied Caterpillar's motion to compel the production of documents from June of 2014 to April 15, 2015, there is no basis on which to grant a supplemental deposition as to those documents.

16. Caterpillar also seeks to question Joseph Frank on lines of inquiry he was instructed not to answer at his deposition regarding third-party funding and contingency arrangements. (D.I. 579 at 1) This issue was not identified in the parties' Joint Motion for Teleconference to Resolve Discovery Dispute. (D.I. 573) Rather, the Joint Motion only identified an issue

7

regarding a supplemental deposition of Joseph Frank "for testimony concerning any additional Phase II custodial documents he or ICP produces." (*Id.*)  Therefore, the issue is not properly before the court.

17. **Conclusion.**  For the foregoing reasons, IT IS ORDERED that:

   i. ICP's motion to claw back Exhibits 3, 4 and 5 to the deposition of Joseph Frank is DENIED.

   ii. Caterpillar's motion to compel ICP to review and produce Joseph Frank's documents from June 2014 to April 15, 2015 is DENIED.

   iii. Caterpillar's motion to compel a supplemental deposition of Joseph Frank is GRANTED-IN-PART.  Caterpillar may take a supplemental deposition of Joseph Frank, limited to no more than ninety (90) minutes, with questioning limited to the three clawed back documents.  The motion is DENIED in all other respects.

18. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 25, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure."  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  If the parties do not file a proposed redacted version and corresponding motion, or if the court

determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**19.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**20.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge