IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CATERPILLAR INC., <br><br> Defendant. | Civil Action No. 15-108-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion for Leave to File Fourth Amended Complaint. (D.I. 563). I have considered the parties' briefing. (D.I. 563, 567, 568). For the reasons set forth below, this motion is DENIED.

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be denied only in rare circumstances, where there has been undue delay or bad faith, where amendments would be futile, or where the opposing party would be prejudiced. *See Foman v. Davis*, 371 U.S. 178, 182–83 (1962); *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). In the Third Circuit "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell*, 573 F.2d at 823.

When a pleading deadline imposed by a scheduling order has passed, however, a party seeking to amend must, as a threshold matter, show "good cause" to modify the deadlines. Fed.

1

R. Civ. P. 16(b)(4); *Eastern Minerals & Chems Co. v. Mahan*, 225 F.3d 330, 340 & n.18 (3d Cir. 2000). Good cause is found when, despite diligence on the part of the party seeking to amend, the deadline in the scheduling order "cannot reasonably be met." Fed. R. Civ. P. 16, Notes of Advisory Committee on Rules – 1983 amendment. The focus of the "good cause" inquiry is, therefore, on the diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, 2016 WL 7319670, at *1 & n.2 (D. Del. Dec. 15, 2016).

Plaintiff International Construction Products (ICP) sued Caterpillar and others, alleging in relevant part violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. (D.I. 1 at 34, counts 1 and 2). Plaintiff now seeks leave to amend its complaint for a fourth time to add a "negative tying" theory to its antitrust claims. (D.I. 563 at 1).

ICP wanted to sell new heavy construction equipment to customers through the online marketplace IronPlanet. (D.I. 246 at 2). Caterpillar is a manufacturer of new heavy construction equipment. (*Id.* at 4). ICP wants to amend its complaint to allege "negative tying," that is, that Caterpillar and IronPlanet's agreement that Caterpillar would sell its new heavy construction equipment through IronPlanet was conditioned on IronPlanet's agreement to stop selling ICP's new heavy construction equipment and to stop otherwise dealing with ICP. (D.I. 563 at 1-2).

Plaintiff argues it should be allowed to amend its complaint for the fourth time because it is neither acting in bad faith nor unduly delaying proceedings by moving to amend. (*Id.* at 3). Plaintiff contends the amendment is simply to give Defendant notice of this new theory and that no new facts are alleged. (*Id.*). Plaintiff argues that Defendant would not be prejudiced. (*Id.* at 4). Since there are no new facts, Plaintiff contends that Defendant will not have any additional costs or need to conduct additional discovery. (*Id.*). Plaintiff argues that no changes to the existing

schedule are needed since discovery is ongoing for the issue of market definition and damages, key witnesses have not been deposed, and expert reports have not been submitted. (*Id.*).[1]

Defendant argues that the deadline for Plaintiff to amend its complaint was six years ago (D.I. 567 at 1), and Plaintiffs do not meet the good cause standard required by Rule 16(b)(4) for untimely amendments. (*Id.* at 5). I set the deadline of June 23, 2017, for amending pleadings in the scheduling order. (D.I. 95 at 1). Defendant argues that Plaintiff did not explain why it waited years to amend their complaint with the negative tying theory, or what new information, if any, prompted this amendment. (D.I. 567 at 4). Defendant contends there can be no new information that prompted the amendment, because Plaintiff states there are no new facts. (*Id.* at 7). Defendant argues Plaintiff does not provide good cause for the late amendment. (*Id.* at 3). Defendant also contends that I should deny Plaintiff's request under Rule 15. (*Id.* at 5). Defendant argues that allowing Plaintiff to amend its complaint would be highly prejudicial to Caterpillar, Plaintiff unduly delayed bringing its amendment, amendment is futile, and the amendment is brought for an improper purpose. (*Id.*).

The pleading deadline imposed by a scheduling order, June 23, 2017, passed before Plaintiff filed its motion on July 12, 2023. (D.I. 563). Therefore, Plaintiff needed to show that its proposed amended complaint complied with both Rule 15 and Rule 16. It did not address Rule 16 good cause in its motion. It addressed the issue only in its reply brief. The argument that there was good cause is thus forfeited. "Arguments raised for the first time before a district court in a reply brief are deemed forfeited. *See Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019) ('Because Citigroup failed to invoke the provision until its reply brief in the District Court,

---

[1] With the passage of time, the case has advanced considerably since the motion was filed.

we deem this argument [forfeited].')." *In re: Niaspan Antitrust Litigation*, 67 F.4th 118, 135 (3d Cir. 2023).

In ICP's reply brief, it argued that Plaintiff does have good cause because under Rule 15(b)(2) a party "may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." (D.I. 568 at 2). ICP then cited two cases for the proposition, "Courts in this Circuit have understood [Federal Rule of Civil Procedure 15(b)(2)] to allow plaintiffs to conform complaints to the evidence at any point in the litigation." (D.I. 568 at 2). Of course, since ICP only raised this far-fetched argument in a reply brief, I got no input from Defendant on the merits of the argument. But, upon review of the two cases, I noted that they were both written by the same district judge, and seemed to principally rely upon cases where the pleadings were amended after trial.[2] In short, there was no persuasive analysis.

If I were to address the merits of Plaintiff's argument, I would conclude that Plaintiff completely misconstrues Rule 15(b)(2). Note the structure of the Rule. Rule 15(a) is captioned, "Amendments Before Trial." Rule 15(b) is captioned, "Amendments During and After Trial." The two subsections of Rule 15(b) are then further divided as "Based on an Objection at Trial" and "For Issues Tried by Consent." It is generally true that captions often don't count in interpretation of a statute or rule. But the text leads to the same conclusion. Rule 15(b)(1) starts, "If, at trial, …." Rule 15(b)(2) starts, "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them

---

[2] I leave it to the reader to consider whether ICP was fairly representing the state of the law to the Court.

4

to the evidence . . . ." The "evidence" is referring to the evidence at trial. There has not yet been a trial in this case. It could not be clearer that Rule 15(b)(2) has no applicability to the instant motion.

Plaintiff has not met the threshold requirement of good cause to amend its pleading. Plaintiff did not make any argument for why the deadline in the scheduling order "[could not] reasonably be met." Plaintiff does not set forth any reason for why it could not have pled the negative tying theory earlier. Plaintiff makes no argument that it was diligent. Because Plaintiff has not met the good cause standard under Rule 16, I do not reach the parties' arguments about amendment under Rule 15.

Plaintiff's Motion for Leave to File Fourth Amended Complaint (D.I. 563) is DENIED.

IT IS SO ORDERED.

Entered this 2nd day of February, 2024.

_____
United States District Judge