IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION  :
PRODUCTS, LLC,              :
                            :
         Plaintiff,         :
                            :
    v.                      :  Civil Action No. 15-108-RGA
                            :
CATERPILLAR, INC., et al.,  :
                            :
         Defendants.        :

**MEMORANDUM ORDER**

Defendant filed a motion in limine to exclude certain expected testimony of Tim Frank. (D.I. 689-22, Exh. 14a). It has been fully briefed (D.I. 689-23; D.I. 689-24), was discussed at the pretrial conference, and has led to the submission of two additional letters (D.I. 696; D.I. 699).

The essence of the proposed testimony was captured during a deposition:

> Q. And [Mr. Jeter] called you to tell you that IronPlanet would not be continuing its relationship with ICP, right? A. No. He called and said that we have a problem, that Cat and at least one other manufacturer had called earlier in the day and were putting pressure on he and Greg to terminate their contract with [ICP] or they would stop doing business with them on the equipment side. He apologizes and said we are going to discuss this today and get back to you.

(D.I. 696 at 1-2). The testimony would be that this conversation took place on April 4, 2014. (D.I. 456 at 15).

The relevant evidentiary rule for considering the admissibility of this testimony is Rule 801(d)(2)(E):

> A statement . . . is not hearsay [if] [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy. . . . The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under (E).

I consider whether the record shows by a preponderance of the evidence (1) the existence of a conspiracy that included Mr. Jeter, Mr. Owens, both employees of IronPlanet, and unnamed individuals at Caterpillar; (2) the existence of the conspiracy at the time of the statement; and (3) whether the statement was made in furtherance of the conspiracy. I make these determinations under the authority of Rule 104(a) of the Federal Rules of Evidence.

I have described the factual background before. (D.I. 456 at 4-21). I adopt that description of the relevant evidence now. I have also described why there is "evidence that Caterpillar pressured IronPlanet to terminate its relationship with ICP." (*Id.* at 32-35). I now find that there is a preponderance of the evidence that Caterpillar employees pressured IronPlanet to terminate its relationship with ICP, and IronPlanet agreed to do so. That is a conspiracy. I merely highlight a few points.

First, I find that the statement was actually made by Mr. Jeter. I consider not only Mr. Frank's testimony, but also that (1) Mr. Frank sent at least one contemporaneous email referring to this statement (*id.* at 16), and Mr. Jeter did not deny Mr. Frank's assertions while forwarding the email to IronPlanet's CEO, Mr. Owens (*id.*), and (2) Mr. Jeter made contemporaneous notes that are consistent with Mr. Frank's testimony – "understands pressure and said he suspects will be hard to brush off if they are serious," which Mr. Jeter also forwarded to Mr. Owens. (*Id.* at 15). Thus, I consider the statement significant evidence of the conspiracy. It is not the only evidence, however. As I pointed out before, there is significant circumstantial evidence of the conspiracy. (*Id.* at 32-33).[1]

---

[1] Defendant mostly relies upon the deposition testimony of its and IronPlanet's employees denying everything to argue that there is insufficient evidence of a conspiracy. I think I have commented before in this case how all the documents I have seen indicate a conspiracy. Defendant's innocent explanations are based on denials at deposition, not on contemporaneous documents. I find documents more convincing than the deposition testimony.

Second, the statement was in furtherance of the conspiracy. The fact Mr. Jeter was talking to a non-conspirator, Mr. Frank, does not mean that the statement cannot be in furtherance of the conspiracy. *See United States Drozdowski*, 313 F.3d 819, 824 n.3 (3d Cir. 2002) (conspirator's explanation to police officer was in furtherance of effort to cover up conspiracy).[2] Mr. Jeter's statement advised Mr. Frank of why IronPlanet had no choice but to end the hosting agreement. Caterpillar is the dominant force in the domestic heavy construction equipment industry. Saying that Caterpillar was behind the move would signal to ICP that the forces arrayed against it were too strong to be overcome. In other words, the purpose of the conspiracy was to keep ICP from selling Lonking equipment domestically. Stating that Caterpillar was behind the end of the ICP/IronPlanet relationship would help accomplish that goal. *Cf. United States v. Gibbs,* 739 F.2d 838, 845 (3d Cir. 2007) ("The in furtherance requirement is usually given a broad interpretation."); *United States v. Trotter*, 529 F.2d 806, 810 (3d Cir. 1976) ("Many courts . . . have given a broad construction to the requirement that a statement be 'in furtherance' of the conspiracy.").

Third, the conspiracy began at least by April 3, 2014, which is when IronPlanet removed IronPlanet's hosted store from its website. (D.I. 456 at 33 n.7). Thus, the April 4th statement was made during the conspiracy.

In the briefing and at the pretrial conference, Defendant objected to the statement as "hearsay within hearsay." *See* Fed. R. Evid. 805. I do not think this rule helps Defendant. Mr.

---

[2] Third Circuit cases are not to the contrary. "[S]tatements made for the purpose of concealing a conspiracy can further the conspiracy regardless of whether the addressee is a co-conspirator." *United States v. Weaver*, 507 F.3d 178, 186 (3d Cir. 2007). The important point is whether the statement is intended to "advance" or "promote" the conspiratorial objective. *Id.* at 184. If there was, then making a statement to a non-member of the conspiracy could be in furtherance of the conspiracy. *See United States v. Provenzano*, 620 F.2d 985, 1001 (3d Cir. 1990).

Jeter's statement might reasonably be interpreted to state that unnamed individuals at Caterpillar were the ones putting pressure on either Mr. Jeter directly, or on Mr. Owens, who was then relaying the information to Mr. Jeter so that Mr. Jeter could deal with ICP. In either event, the statements of Mr. Owens and/or the statements of the unidentified Caterpillar employees would also be co-conspirator statements made during and in furtherance of the conspiracy. They would thus be admissible, as they would not be "hearsay within hearsay." *See United States v. Christian*, 786 F.2d 203, 212 (6th Cir. 1986) ("double hearsay" properly admitted when both statements were made by conspirators in furtherance of the conspiracy).

Defendant's motion in limine (D.I. 689-22) is DENIED.

IT IS SO ORDERED this 3rd day of April 2024.

/s/ Richard G. Andrews
United States District Judge