IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 15-108-RGA |
| CATERPILLAR, INC., et al., | : : | |
| Defendants. | : : | |

**MEMORANDUM ORDER**

Defendant filed a Daubert motion to exclude testimony of Mr. Rhoda, an expert by experience in the heavy construction industry. (D.I. 608). The motion is fully briefed. (D.I. 610, 637, 661). Defendant filed a related motion in limine. (D.I. 689-19). It too is fully briefed. (D.I. 689-20, 689-21). I had a *Daubert* hearing on March 27, 2024, at which Mr. Rhoda testified. Trial is scheduled to begin April 5, 2024.

Mr. Rhoda offers two main opinions. One, that had Plaintiff's business proceeded according to its business model, it would have been commercially successful. (Rhoda Report dated July 12, 2023, p.4). Two, had the business proceeded according to its business model, it would have achieved the forecasted projections. (*Id.* at p.5).

Defendant seeks to exclude the opinions on a number of bases. The main one is that there is no methodology or data underlying the second opinion. Defendant seeks to exclude one of Mr. Rhoda's opinions in support of his first opinion, which is that complying with U.S. emissions regulations "would not have been a significant issue [for Plaintiff]." (*Id.* at pp. 21-22). Defendant also argues that the opinions do not fit the facts.

I consider the admissibility of the various challenged opinions in light of recently-amended Rule of Evidence 702. It now reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Mr. Rhoda has wide-ranging experience in the heavy construction industry, including as CEO of Sany America in 2013-14. Sany is another China-based heavy construction equipment manufacturer. He earlier served as CTO of Doosan, a Korean manufacturer of heavy construction equipment, and as an executive of Volvo, another manufacturer of heavy construction equipment. By experience, he is well-qualified to offer relevant opinions.

Mr. Rhoda explains his opinion why the business model and the sales projections are reasonable. (Rhoda Report dated July 12, 2023, pp. 24-31). He explains why he thinks the sales projections would have been reached. The methodology is not scientific, but it appears to be reasonably and reliably based on his experience.[1]

The challenge to Mr. Rhoda's "compliance with emissions regulations" testimony is that he is not an expert in emissions regulations. I don't think he has to be such an expert. He

---

[1] Defendant cites *CareDx, Inc. v. Natera, Inc.*, 2021 WL 1840646 (D.Del. May 7, 2021), *appeal pending*, No. 23-2428 (3d Cir.), as support for its position. *CareDX* did not involve projections. It involved past expenses. The expert testimony was excluded because it did little more than take the testimony of one individual, multiply the numbers that the individual mentioned, and present that as expert damages testimony. Here, Mr. Rhoda explains why he thinks the numbers are reasonable based on his own experience. He does not purport to have investigated how they were prepared.

explains at a high level how foreign manufacturers are able to comply with emissions regulations. He certainly has the experience to be able to do this.

I also reject the "lack of fit" argument. The opinions relate to disputed issues in the case. One of the lack of fit arguments is that Mr. Rhoda does not know how the projections were prepared. Of course, he does not claim to know how they were prepared. For the opinion that he offers, not knowing how they were prepared is irrelevant. The other lack of fit argument relates to Mr. Rhoda's lack of detailed knowledge of either Lonking's efforts to comply with emissions regulations or Plaintiff's efforts to comply. Mr. Rhoda is not offering an opinion that Lonking and Plaintiff complied with EPA regulations; he is simply offering an opinion as to how they could have complied had the business gone forward as planned.

The motion to exclude Mr. Rhoda's testimony (D.I. 608) is DENIED.

The motion in limine seeks to preclude Plaintiff's fact witnesses from testifying that they would have complied with EPA regulations. I already denied that. (D.I. 695). The other part sought to exclude Mr. Rhoda's testimony about EPA compliance for the same reasons as in the Daubert motion. For the reasons that I deny the Daubert motion, I also DENY the related motion in limine. (D.I. 689-19).

IT IS SO ORDERED this 3rd day of April 2024.

/s/ Richard G. Andrews
United States District Judge