IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL CONSTRUCTION          :
PRODUCTS, LLC,                      :
                                    :
            Plaintiff,              :
                                    :
      v.                            :        Civil Action No. 15-108-RGA
                                    :
CATERPILLAR, INC., et al.,          :
                                    :
            Defendants.             :

## MEMORANDUM ORDER

Defendant filed a motion for sanctions for spoliation of evidence.  (D.I. 596).  It is fully

briefed.  (D.I. 597, 638, 656).

Defendant states that Plaintiff did not implement a timely litigation hold or otherwise

make reasonable attempts to preserve evidence, that most of Plaintiff's electronic records were

lost, and that Defendant has been prejudiced.  It seeks relief pursuant to Rule 37(e):

> (e) FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If
> electronically stored information that should have been preserved in the anticipation or
> conduct of litigation is lost because a party failed to take reasonable steps to preserve it,
> and it cannot be restored or replaced through additional discovery, the court:
>
>   (1) upon finding prejudice to another party from loss of the information, may order
> measures no greater than necessary to cure the prejudice; or
>   (2) only upon finding that the party acted with the intent to deprive another party of the
> information's use in the litigation may:
>
>   (A) presume that the lost information was unfavorable to the party;
>   (B) instruct the jury that it may or must presume the information was unfavorable to
> the party; or
>   (C) dismiss the action or enter a default judgment.

Fed. R. Evid. 37(e).  The current rule was adopted in 2015.

As for Rule 37(e)(2), it requires a finding that ICP "acted with the intent to deprive another party of the information's use in the litigation." Such a finding cannot possibly be made here. First, ICP's footnote (D.I. 597 at 4 n.47) does not preserve the issue. It is forfeited. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023). Even if it were not forfeited, ICP makes no argument in support of it. It only argues, "ICP failed to take reasonable steps to preserve critical evidence." (D.I. 597 at 15; *accord, id.* at 14 ("failed to take reasonable steps to preserve the ESI"). To the extent Defendant relies upon Rule 37(e)(2), its motion is DENIED.

I consider Rule 37(e)(1). Speaking generally, there are a number of requirements. The Rule only applies to ESI.[1] The spoliating party has to have failed to take reasonable steps to preserve ESI expected to be relevant to litigation. The ESI has to be irretrievably lost. The loss has to prejudice the opposing party. And, if those requirements are met, the Court should fashion an appropriate remedy. There is a lot of discretion entrusted to district courts in considering these issues. The Advisory Committee Notes on the 2015 Amendment particularly note: (1) "The Rule leaves judges with discretion to determine how best to assess prejudice in particular cases;" and, (2) as to remedies, "Much is entrusted to the court's discretion." The Advisory Committee Notes further note that the remedies could include "exclud[ing] a specific item of evidence to offset prejudice caused by failure to preserve other evidence that might contradict the excluded item of evidence."

---

[1] Thus, Defendant's complaints about "hard copy documents" (D.I. 656 at 6) are not covered by Rule 37.

I assume for present purposes that Defendant has shown everything other than prejudice and the need for a remedy.[2]

The main points of prejudice identified by Defendant are: "ICP's alleged foreclosure and ICP's inability to legally sell equipment in the U.S." (D.I. 597 at 16; *see also id.* at 16-19).

In regard to "foreclosure," Defendant seeks to bar all evidence that "IronPlanet boycotted or refused to deal with ICP in 2014 or afterwards." (D.I. 596-2 at 1). I do not see any significant prejudice to Defendant. Its theme that IronPlanet remained willing to do business with ICP because it entered into an agreement, later rejected by ICP, to sell some heavy equipment after the breach of the Hosting Store Agreement is supported by evidence that Defendant has. And, assuming that there was some minor amount of prejudice, its proposed remedy would be grossly disproportionate to the prejudice.

In regard to "inability to legally sell equipment," Defendant seeks to bar all evidence that ICP "could import and sell Tier 4-compliant equipment . . . during the 2014-18 period," and all evidence that "ICP and Lonking did satisfy or could have satisfied EPA TPEM requirements to import and sell Tier 3-compliant equipment . . . during the 2014-18 period." (*Id.*). Defendant argues that ICP has produced no documents showing any compliance by it or Lonking with EPA requirements. (D.I. 597 at 17). And Defendant has an email dated November 14, 2014, in which IPC's President tells Mr. Frank they have imported two forklifts, a dozer, and a loader that "technically, [have] entered the country illegally." (D.I. 597-19). As I further understand it, IPC

---

[2] Nevertheless, I do note that Defendant appears to be talking out of both sides of its mouth. In an earlier discovery dispute, it argued that it had taken "reasonable steps to preserve relevant information," and its first argument in support of that was citation to and discussion of an earlier stipulation, which Defendant said "acknowledged" that its "hold and retention efforts were appropriate." (D.I. 359 at 2). As IPC points out, the underlying stipulation applied to both parties, not just Defendant. (D.I. 638 at 11; *see* D.I. 113 at 1-2).

has produced essentially no discovery showing any paperwork or correspondence with the EPA about emissions compliance. Further, I do not expect IPC's expert to offer any opinion about whether IPC had "satisfied" any EPA requirements. Rather, I expect the expert to testify that there was the capability to comply. I expect the expert will concede on cross-examination that he has not seen a single ICP document indicating any compliance efforts. I am thus unconvinced that EPA compliance issue is impacted by any loss of ESI. Thus, I do not find any significant prejudice. I again note that the proposed remedy is grossly disproportionate to any identified actual prejudice.

Thus, the spoliation motion (D.I. 596) is DENIED.

IT IS SO ORDERED this 3rd day of April 2024.

_____
United States District Judge