IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL CONSTRUCTION PRODUCTS, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 15-108-RGA |
| CATERPILLAR, INC., | : : | |
| Defendant. | : | |

**REVISED PRELIMINARY JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ..................................................................................................................1
2. THE NATURE OF THE ACTION AND THE PARTIES ....................................................1
3. CONDUCT OF THE JURY ..................................................................................................2
4. EVIDENCE ............................................................................................................................5
5. EVALUATING A WITNESS ...............................................................................................6
6. TRIAL PROCEDURE ...........................................................................................................7

1.     INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial. You will hear the evidence, decide what the facts are and then apply those facts to the law that I will give you. You and only you will be the judges of the facts. You will have to decide what happens. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial and I will explain to you the legal principles that must guide you in your decisions. You must follow the law that I give you, whether you agree with it or not.

2.     THE NATURE OF THE ACTION AND THE PARTIES

This is an action arising under the antitrust laws of the United States and under Delaware common law. The plaintiff is International Construction Products, or ICP. The defendant is Caterpillar.

Both ICP and Caterpillar are or were involved in the business of selling certain types of "heavy construction equipment." That is a term that refers to the large vehicles that you may have seen at construction sites that are used for various earthmoving tasks.

I will give you a brief summary of the positions of the parties.

ICP sold heavy construction equipment manufactured by a company called Lonking. Caterpillar manufactures a wide range of its own heavy construction equipment and sells it to a network of independently-owned dealers. Caterpillar's dealers have assigned territories and are responsible for selling and servicing the equipment to local contractors, rental companies, and others in their territory.

ICP alleges that Caterpillar violated Section 1 of the Sherman Act by conspiring with others, including Ring Power Corporation and Thompson Tractor Company and Ziegler, Inc. to restrain trade by causing IronPlanet to terminate a contract called the "Hosted Store Agreement" between ICP and IronPlanet, and that these actions constituted a group boycott.

ICP also claims that Caterpillar tortiously interfered with the Hosted Store Agreement between ICP and IronPlanet. ICP alleges that Caterpillar interfered with the Hosted Store Agreement by wrongfully causing IronPlanet to terminate that agreement.

ICP claims that it should be awarded money damages from Caterpillar as a result of Caterpillar's conduct.

Caterpillar denies that it has violated the Sherman Act or tortiously caused IronPlanet to terminate the Hosted Store Agreement. Caterpillar denies that it entered into any agreement with Ring Power or Thompson Tractor to threaten to withhold consignments of used equipment from IronPlanet unless it terminated its Hosted Store Agreement with ICP. Caterpillar denies that any action it took harmed competition, as required for a violation of the Sherman Act, or caused ICP injury or damages.

3. **CONDUCT OF THE JURY**

I have a few words about your conduct as jurors. First, I instruct that during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

I know that many of you use cell phones, smart phones (like iPhones and Android phones), and other portable electronic devices; laptops, tablets, and other computers both portable and fixed;

2

and other tools of technology, to access the internet and to communicate with others. You must not talk to anyone about this case through any of those means. You also must not talk the old fashioned way of just talking. This includes your family and friends. You must not communicate with anyone about the case on any kind of electronic device or through email, text messaging, Twitter, Snapchat, internet chat rooms, blogs, or social networking sites such as Facebook. You may not use any similar technology or social media to either get or share information about this case, even if I have not specifically mentioned it here.

The lawyers, parties and witnesses are not supposed to talk to you outside the testimony and arguments presented in the courtroom. If any lawyer, party or witness does not speak to you when you pass in the hall, ride in the elevator or the like, it is because they are not supposed to talk with you, not because they are rude. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to the case that is not admitted into evidence. By that I mean if there are newspaper articles or a radio or television report relating to the case, do not read the article or watch or listen to the report.

In addition, do not try to do any independent research or investigation on your own in any matters related to the case or this type of case. Do not do any research on the internet, for example, about activated carbon technology. You are to decide the case upon the evidence presented at trial.

You should not consult dictionaries or reference materials such as the internet or any other electronic sources to obtain information about this case or to help you decide the case. Do not try to find out any information from any source outside what you hear in the courtroom. Do not reach any conclusion as to the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial it may be necessary for me to talk to the lawyers out of your hearing by having a side bar, which is when we meet over there. If that happens, please be patient. We're not trying to keep important information from you. The side bars are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these side bars to a minimum. While we meet, I may invite you to stand up and stretch and take a short break or if it's a lengthy issue perhaps even call a recess. I also may not always grant an attorney's request for a side bar. Do not consider my granting or denying a request for a side bar as any indication of my opinion of the case or of what your verdict should be.

Now, only the lawyers and I are allowed to ask questions of witnesses. You, however, are not permitted to ask questions of witnesses. If you wish, you may take notes during the presentation of evidence, the summation or arguments of attorneys at the end of the case and during my instructions to you on the law. You will also get my instructions on the law in writing. My courtroom deputy will arrange for pens, pencils and paper. Any notes you take are for your own personal use, they are not to be given or read to anyone else.

We also have, as you can see, a court reporter, the person in front of the bench here, who will be transcribing the testimony during the course of the trial, but you should not assume that the transcripts will be available for your review during your deliberations, nor should you consider notes that you or your fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony keep in mind that you will be relying on your memory of that testimony during your deliberations.

Here are a couple other specific points to keep in mind about note taking. It is permitted, it is not required. Each of you may take notes, but no one is required to. And the second thing is

4

do not take your notes away from court. If you do take notes, take them with you each time you leave the courtroom and leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

**4.     EVIDENCE**

The evidence from which you are to find the facts consists of the following: the testimony of witnesses, documents and other things received as exhibits and any facts that are stipulated—that is, formally agreed to by the parties.

The following things are not evidence: statements, arguments and questions of the lawyers for the parties in this case, objections by lawyers, any testimony I tell you to disregard, and anything you may see or hear about this case outside of the courtroom. There are rules that control what can be received into evidence.

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence you receive is for a limited purpose only, you must follow that instruction. Certain testimony or other evidence may be ordered struck from the record by me, and I may also instruct you to disregard that evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not guess about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. An example of direct evidence is when the witness testifies about something that the witness knows through his or her own senses, something the witness has seen, felt, touched, heard or did. If a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is indirect proof, meaning proof of one or more facts from which you can infer or conclude another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining outside.

You should consider all of the evidence, both direct and circumstantial, that is presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

5.   **EVALUATING A WITNESS**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means only whether a witness is worthy of belief. You should consider each witness's means of knowledge, strength of memory, and opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. You may believe everything a witness says or only part of it or none of it.

You are also going to hear some testimony from expert witnesses. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience

in that technical field is someone that we often refer to as an expert witness and that person is permitted to state his or her opinion on those technical matters. However, you are not required to accept their opinion. As with any other witnesses, it is up to you to determine the credibility of an expert witness.

**6.    TRIAL PROCEDURE**

The trial will now begin. We will start with the opening statements. Before we do that, I want to explain the procedures that we will be following during the trial and the format of the trial. This trial, like all jury trials, comes in six phases. We have completed the first phase, which was to select you as jurors.

The second phase is the opening statements. The opening statements of the lawyers are statements about what each side expects the evidence to show. The opening statements are not evidence for you to consider in your deliberations. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

In the third phase, the evidence will be presented to you. Witnesses will testify and documents will be offered and admitted into evidence. ICP goes first in presenting its evidence on the issues for which it bears the burden of proof. Witnesses will be questioned by ICP's counsel in what is called direct examination. After the direct examination of a witness is completed, Ingevity has an opportunity to cross-examine the witness. After ICP has presented its evidence, Caterpillar will put on its evidence with regard to those issues.

The evidence often is introduced piecemeal, meaning that all the evidence relating to an issue may not be presented all at one time but, rather, may be presented at different times during the trial. You are to wait until all the evidence comes in before you make any decisions. In other words, keep an open mind throughout the entire trial.

In the fourth phase, I will read you the final jury instructions. I will instruct you on the law that you must apply in this case. I have already explained to you a little bit about the law. In the fourth phase, I will explain the law to you in more detail.

In the fifth phase, the lawyers will again have an opportunity to talk to you in what is called "closing arguments." As with the opening statements, what the lawyers say in the closing arguments is not evidence for you to consider in your deliberations. It is an opportunity for the lawyers to summarize and interpret the evidence for you.

Finally, the sixth phase is the time for you to deliberate and reach a verdict. You will evaluate the evidence, discuss the evidence among yourselves, and decide the issues in this case.