**BERGER /**
**/ McDERMOTT**

DAVID J. BALDWIN
E-mail: dbaldwin@bergermcdermott.com

April 15, 2024

The Honorable Richard G. Andrews
U.S. District Court – District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

> RE: *International Construction Products LLC v. Caterpillar, Inc., et al.*,
> C.A. No. 1:15-cv-108-RGA-SRF (D. Del.).

Dear Judge Andrews,

ICP has notified Caterpillar that it "intends to call Mr. Rhoda and potentially Dr. Leitzinger on Monday in its rebuttal case." Though asked in a meet and confer, ICP did not explain how Mr. Rhoda and Dr. Leitzinger would be proper rebuttal witnesses. And ICP did not disclose any demonstratives or exhibits for use in either Mr. Rhoda's or Dr. Leitzinger's proposed rebuttal examination as required under the pretrial order. It is also unclear what Mr. Rhoda could possibly be called to rebut. Mr. Rhoda testified he is not an expert on EPA regulations and compliance. *See* Tr. V 1160:17-20 ("Q. And you said that you're not an expert in EPA regulations; is that right, sir? A. I'm not on an expert in the regulations themselves, no"). As such, he cannot rebut any testimony by Mr. Lyons on the subject.

It is axiomatic that the purpose of "rebuttal is to permit a litigant to counter *new*, *unforeseen* facts brought out in the other side's case." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) (emphasis added); *see also Fashauer v. New Jersey Transit Rail Operations, Inc.*, 57 F.3d 1269, 1288 (3d Cir. 1995) (affirming exclusion of improper rebuttal because a plaintiff cannot "use [a] witness to rebut anticipated testimony rather than the surprise testimony."). But ICP has not pointed to any "new" or "unforeseen facts" raised during Caterpillar's defense—and certainly not unforeseen facts that could possibly be addressed within the confines of its experts' already-proffered opinions. Nor could it.

ICP has been on notice of the subject matter and opinions presented by Caterpillar's experts, Dr. Murphy and Mr. Lyons, for months and even years. Caterpillar's Phase 1 expert report was served almost two and a half years ago, and its Phase 2 expert reports were served over seven months ago. Those reports, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) contain, for each expert, "a complete statement of all opinions to be expressed and the basis and reasons therefor." Unsurprisingly, Caterpillar's experts testified consistently with those reports. And all of the fact witnesses called by Caterpillar, besides Mr. Guilford, were called via video deposition; so ICP has also been well aware of their testimony for months or years.

Berger McDermott LLP
1105 N. Market Street • Suite 1100
Wilmington, Delaware 19801
302 655 1140
www.bergermcdermott.com

The Honorable Richard G. Andrews
April 7, 2024
Page **2** of **2**

  Put simply, "nothing new or unanticipated surfaced during the defense case that even arguably changed the topography of the battlefield." *Faigin*, 184 F.3d at 85-86 (affirming exclusion of rebuttal testimony because "[w]hen a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry.") (citing *Lubanski v. Coleco Indus., Inc.*, 929 F.2d 42, 47 (1st Cir. 1991) (affirming exclusion where proffered "rebuttal" evidence was "available during [plaintiff's] case-in-chief" and testimony sought to rebut was "not unexpected")).

  That leaves just one possibility: ICP is seeking, under the guise of rebuttal evidence, a re-run of Mr. Rhoda's and Dr. Leitzinger's testimony in front of the jury. To the extent ICP seeks to revisit evidence presented in ICP's case-in-chief by Mr. Rhoda and Dr. Leitzinger, that is plainly impermissible. Both experts have already testified as to the contents of their reports, and ICP is not permitted to introduce undisclosed, new expert opinions on rebuttal.

  Faced with the same scenario, the Fifth Circuit, in *Cates v. Sears, Roebuck & Co.*, affirmed a district court's exclusion of proffered rebuttal testimony by plaintiffs' expert, who had already testified during the plaintiff's case-in chief. 928 F.2d 679, 685 (5th Cir. 1991). The circuit court held that the trial court did not abuse its discretion in excluding the proffered rebuttal testimony because it simply "reflect[ed] a more detailed and comprehensive explanation of earlier testimony . . . [which,] [d]espite an opportunity, . . . was not then pursued as it properly might have been." *Id*. The court explained: "Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief." *Id*.

  To allow such a maneuver would frustrate the "orderly presentation of the evidence" and would reward a plaintiff who is seeking a "tactical advantage by a dramatic final statement on the issue." *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 705-06 (8th Cir. 1967) (affirming exclusion of expert testimony where "issues were known to plaintiffs when they presented their case in chief"). Unsurprisingly, courts routinely reject such attempts. *See, e.g.*, *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 752 F. Supp. 181, 193 (E.D. Pa. 1990), *rev'd on other grounds*, 939 F.2d 91 (3d Cir. 1991) ("Rebuttal testimony is not a vehicle for a party to reemphasize its arguments to the jury prior to deliberation; nor is it an opportunity for the correction of any oversights in the plaintiff's case-in-chief."); *Brutsche v. City of Fed. Way*, 300 F. App'x 552, 553 (9th Cir. 2008) ("rebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief").

  For these reasons, Caterpillar respectfully requests that the Court preclude ICP from calling Mr. Rhoda and Dr. Leitzinger in its rebuttal case.

Respectfully submitted,

*/s/ David J. Baldwin*
David J. Baldwin
(DE ID #1010)

DJB/
cc: All Counsel of Record (via electronic delivery)